NEW-YORK,
October, 1811.

## DURELL *against* MOSHER.

DURELL
v.
MOSHER.

IN error, on *certiorari*, from a justice's court.

*Mosher* brought an action of *trover* against *Durell*, before the justice, for sheep.

A *venire* was issued, and returned, and the defendant objected to two of the jurors on the panel, that they had sat as jurors on a former trial between the parties, as to the same subject matter of controversy: but it appeared, that that cause had been dismissed, without any verdict being given, and the justice, therefore, admitted the jurors, in this cause. The defendant then objected to another juror, because that he had said, in a conversation about the controversy, that the defendant was wrong and the plaintiff was right; but it was also proved, that he, at the same time, said, that he had no personal knowledge of the matter in dispute, but that if the reports of the neighbours were correct, the defendant was wrong and the plaintiff was right. The justice admitted the juror as competent.

On the trial, it was proved, that the defendant below had taken two sheep and two lambs out of the flock of the plaintiff, supposing they belonged to him, the defendant; and that he had, afterwards, promised to return the sheep to the plaintiff, but had failed to do so.

The jury found a verdict for the plaintiff, for eight dollars.

*Per Curiam.* The objection to the jurors was unfounded. The third juror objected to, had given no decided opinion on the merits of the cause. His declaration was hypothetical. Though a demand and refusal of the sheep was not proved; yet the promise by the defendant to return them, and a failure to do so, was evidence of a conversion. The judgment must be affirmed.

Judgment affirmed.

Where a juror, summoned in a cause before a justice, had said " that if the reports of the neighbours were correct, the defendant was wrong, and the plaintiff was right," this was held not to be a sufficient objection to his being sworn and empannelled.

In an action of *trover*, proof that the defendant promised to return the goods to the plaintiff, and that he had not returned them, is sufficient evidence of a conversion; and a previous demand and refusal, need not be proved.