The opinion of the Court was delivered by
Mr. Justice Johnson.
The grounds of the present motion present the following questions for consideration:
1. Whether the plaintiff’s counsel was an admissible witness ?
2. Whether there was sufficient evidence of a conversion on the part of the present defendant?
3. Whether the evidence warranted the jury in finding in favor of the plaintiff on the merits ?
4. Whether the endorsement of the sheriff on the writ, of the time when entered in his office, was admissible to prove the commencement of the action ?
5. Whether the sworn return of the defendant to the notice, to produce on the trial the deed from the plaintiff’s father to himself, for the negro Frank, ought or ought not to have been rejected? And these I shall proceed to consider, without regard to the order in which the grounds are stated in the notice.
The question as to the excess of damages, is involved in the question of conversion; as it is admitted, that the damages are not excessive if the conversion had not relation to the commencement of the action. The question on the statute of limitations is equally involved in the admissibility of the sheriff’s entry on the writ; for if it was evidence of the commencement of the action, the plaintiff was not barred.
1. The objection to the competency of the plaintiff’s attorney rested on two grounds: 1. Because he was interested as attorney to the extent of his costs, and therefore incompetent. 2. Because he was the security of the plaintiff for costs in the event of the aotion being determined against him. On these objections there can, I think, be but one opinion. On the first, that it cannot be supported; for, although the least possible direct pecuniary interest in the *event of a cause, renders a witness incompetent, yet it is every day’s practice to admit the attorney of record;[1] and this is the first objection I have ever heard made to it.[1] But it is a matter of much delicacy, and one which the profession ought, and do, much to their credit, usually avoid, when it is not indispensably necessary. Perhaps, too, the legality and propriety of this practice may be founded and justified in the legal implication, that the client alone is responsible to his attorney, whatever may be the event of the suit. I think there is as little doubt that the second objection ought to have been sustained; and so the Court had decided; but on the offer of the plaintiff’s attorney to obviate both this and the other objection, by the means stated in the report, they were not then persisted in; and it would be doing an injustice to the plaintiff and practicing on the Court, if I may so express it, to permit the objection now to prevail.
*362 2. The action of trover is the general substitute of the action of detinue, and is that form of action in which, in this country, the right of individuals in a personal chattel is usually determined; and although the conversion may be said to be the gist of the action, and therefore must necessarily be satisfactorily proved, yet, when from all the circumstances it is evident that the question of right is the true question in dispute, it forms rather an unimportant feature in the case ; and it will be seen, by reference to authorities, that every assuming to dispose of the property of another, or the least intermeddling with it, in a maimer subversive of the dominion which the owner has over it, is sufficient evidence of a conversion.[1] (6 Bacon’s Abridg. 679, 680-1. Bristol v. Burt, 7 John. Rep. 254. Shotwell v. Few, Ib. 302. Durell v. Mosher, 8 John. Rep. 445.) It is said, however, that the admission of the present defendant did not go to warrant the conclusion that he did in any manner concern in, or otherwise intermeddle with the negroes in dispute, and amounting only to an admission of a conversion by Williamson. But it ought to be recollected that he was co-executor of Williamson; that his advice and consent would be resorted to in all questions of such importance to the estate, and that he had no express authority to make such an assent on the part of Williamson, and add to this the terms of that assent, “That is sufficient, you may dismiss the witness,” would I conceive, though not perhaps necessarily, authorize the conclusion, that the refusal to deliver up the property was matter of understanding between Williamson and himself. I think this conclusion not a little strengthened by the circumstances, that the management of the estate devolved on them as executors, and it was their bounden duty to defend the property committed to their care to the last extremity; and that they would have been wanting in their duty if they had delivered it up without more conclusive proof of the right of the plaintiff, than the trial of this case has developed. But further, súpose instead of admitting a conversion he had admitted the property the plaintiff, xbut denied the conversion, would it have been insisted that the admission had relation to Williamson only, and not to himself? I apprehend not. And it appears to me the cases are parallel. Errant these considerations it follows, that if this is any evidence of a conversion, although the admission was made after, it cannot be otherwise regarded than as having relation to the commencement of the action. They were, moreover, questions for the consideration of the jury, and they have determined them in favor of the plaintiff.
3. I have always regarded parol gifts to children, unaccompanied by a distinct delivery and possession, with great jealousy, and always feel it my duty to caution the jury not to support them except on the most satisfactory proof; and if I were now called upon to say what the law should be, I would unite heart and hand in rejecting them. In their nature they are calculated to excite strife and dissensions among those bound together by the strongest ties of policy and nature [2] and are, upon the whole, so easily conjured up out of the most unimportant circumstances, and so difficult, if not impossible, to resist, as to render it almost impossible for a parent safely to permit a child, even in playfulness, to set up an unmeaning claim to any article of property. Who is it that has children that has not yielded a playful and willing assent to the claims of them, to almost every article of property they possess, and where is the parent so stern as to withhold it ? I venture to assert there are few, if any. But the doctrine is so interwoven with the administration of the laws in this State, and those claims have so long received the sanction of the courts of justice, that I feel it riveted on us beyond the means of loosing the fetters, without too much violence to the system. If, therefore, evils be found to exist in it, it belongs to the Legislature and not this Court, now to root them out. As to the sufficiency of the evidence to support the claim of the plaintiff, in respect to the validity of the several gifts in this case as relates as well to the fact of the gifts having been made as to the delivery, it is only necessary to give as authority a few cases which have recently received the sanction of this Court. In the case of Neely v. Feemster,(MS.) tried in York district and brought up to the Constitutional Court in Columbia, and decided there a few years ago; there was no proof of an actual delivery, and the principle cir *363 cumstance relied on, to prove both the gift and the delivery, was, that the donor when called on by the midwife to be paid for her services for attending a negro woman when she lay in, was told by him that she must go to the plaintiff, who was his son-in-law and who lived in the house with him, as she belonged to him. In the case of Brashears v. Blasingame,[1] decided in this Court at Columbia about a year since, there was no proof of an actul delivery, but the repeated declarations of the donor, that he intended and had given the negroes in dispute to his daughter, were held to be sufficient evidence of a gift; and the Court ordered a new trial, because the jury had found contrary to this evidence. *If, then, those cases are to be regarded as authority, it results that the jury were at liberty to draw the conclusion which their verdict implies, and however hostile my judgment may be to the doctrine on which it is predicated, I should not feel warranted in disturbing it. In this case there was no proof of any actual manual delivery, but in some cases the negroes were present, and when the gift was made, and from their manner would doubtless have authorized the plaintiff to have taken the immediate possession, without incurring the danger of committing a trespass.' And in every instance there was the repeated declarations of the plaintiff’s father, that he had given: so that the jury, as in the preceding cases, were authorized to infer from them everything that was necessary to the consummation of a legal gift, including necessarily the intention to give, the act of giving, the delivery, and the consent to accept.
Gritnke, for the motion. Chipman and Martin, contra.
4. I have always been in the habit of considering the endorsement of the sheriff on a writ as his original entry, and forming a part of the record, and that his entry in his book was a mere abstract from it; and I am yet unable to see any reason why it should not be so regarded. It is urged, however, that it is more exposed to the danger of alteration than the entry in the book, because any attempt to make an alteration there, as to date, would be exposed by the preceding and subsequent entries. But regarding it as a record, the law has placed it under the control of an officer, against whom, at least, such a fraud would not readily be presumed. But if the book of the sheriff is calculated to expose any imposition, it is equally in the power of either party to produce it, and does not, therefore, furnish any objection to the admissibility of the entry on the writ.
5. The object of giving a party notice to produce a paper wliich is in his possession, is merely intended to let the defendant into proof of its contents, on showing that it was in his possession, and of putting it in the power of the opposite party to produce the best evidence which the nature of the case admitted of. But the Court do not possess the power of compelling a party, in ordinary cases, to produce the paper. Phil. 336. It is therefore not incumbent on the defendant to produce it, or to give any reason or excuse why he will not. The contents cannot be gone into without proof that it is in Ms possession, or that it has been lost. Any answer that he could make to such a notice, and which the law does not imply, must therefore be irrelevant and consequently inadmissible. The contents of that offered in tliis ease did not transpire, but if it contained nothing more than was implied, it was unnecessary, and if more, it was equally inadmissible. The motion must therefore be refused.
Justices Bat, Nott, Gantt and Richardson, concurred.

 10 Rich. 461.

 1 Rich. 318; 4 Rich. 375; 6 Rich. 34.

 Ante, 339.

 Ante, 223.