Per Curiam.
There is but one exception in this case which appears to the court -to be of any weight. ‘The admission of Jacob Crama-r as a witness was right, and the charge of the President of the Court of Common Pleas, to the jury, was correct. But the plaintiffs challenged Francis M‘£wen, a juror, who being called, objected himself to being sworn, “ because he had heard all the evidence at the former trial, and had made up and expressed his opinion on the facts then given in evidence, but said, that his mind was always open to conviction, on another state of facts.’5 The court overruled the challenge. This juror, if he had been on the former jury, would have been liable to a challenge, yet, in that case, his mind might have been open to conviction, if different evidence had been given on the second trial. But the law presumes that a man who has once made-up his mind, especially if he has delivered it to others, will not be perfectly impartial. The presumption is a safe one, and generally accords with the truth. In the present case, it was impossible to say, whether any new evidence would be given; and therefore, from the juror’s own account of the state of his mind, it would have been hazardous to permit him to be sworn. It is objected, that if this rule prevails, it will be difficult to procure a jury in any case which has been the subject of much conversation, because every man forms some opinion upon the state of facts which he has heard. It is very true, that men generally form an opinion upon the case as it has come to their knowledge; but, when that knowledge is derived from common report, any sensible man knows the uncertainty of such reports, and keeps his-mind open to a change of opinion when the whole truth shall be ascertained. Upon this principle, it was held by the Supreme Court of New York, 8 Johns. 445, to be no *293 causé for challenge, that the juror had said, “if the report of the neighbours was true, the defendant was in the wrong.” The case before us is very different, where there had been a,former trial, in which it must be supposed ihat all the evidence in the power of the parties had been produced. On the trial of Aaron Burr, Chief Justice Marshall laid down the rule, “that to have made up and delivered an opinion, that the prisoner entertained the treasonable designs with which he was charged, and that he retained those designs and was prosecuting them, when the act charged in the indictment was alleged to have b.een committed, was good cause of challenge.” (1 Burr's Trial, 419, 420.) It is the opinion of the court, that after the impression made on the mind of MlEioen, by the first trial, there was danger of his no' longer being perfectly impartial; and it being altogether uncertain whether the state of the facts would be altered on the second trial, the plaintiff’s challenge ought to have been allowed. The judgment is therefore to be reversed, and a venire, de novo awarded.
Judgment reversed, and a venire facias de novo awarded.