ARCHIMEDES SMITH, appellant, *v.* TIMOTHY D. EAMES, appellee.

*Appeal from Morgan.*

A juror is disqualified if he has expressed a decided opinion upon the merits of the case.   But if, on the contrary, a juror says that he has no prejudice or bias of any kind, for or against either party; that he has heard rumors in relation to the case, but has no personal knowledge of the facts; and, from the rumors, has formed and expressed an opinion in a particular way, if they are true, without expressing any belief in their truth, he is not disqualified.

If a juror has made up a decided opinion, on the merits of the case, either from a personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or either of them, or from rumor, and that opinion is positive, and not hypothetical, and such as will probably prevent him from giving an impartial verdict, the challenge should be allowed.

If the opinion of a juror be merely of a light and transient character, such as is usually formed by persons, in every community, upon hearing a current report, and which may be changed by the relation of the next person met with, and which does not show a conviction of the mind, and a fixed conclusion thereon, or if it be hypothetical, the challenge ought not to be allowed; and to ascertain the state of mind of a juror, a full examination, if deemed necessary, may be allowed.

If a juror says he has expressed a decided opinion upon the merits of a cause, it is a good ground of challenge, although he does not disclose what that opinion is. It is sufficient that he has formed and expressed an opinion.

Affidavits of jurors cannot be received to impeach their verdict, except in a case where a part of the jurors swear that they never consented to the verdict; but a verdict may be supported by affidavits of jurors.

When jurors disagree about the instructions of the Court, they should come into Court and have them repeated.

THIS cause was tried in the Court below, at the March term, 1840, before the Hon. William Thomas and a jury.   Verdict and judgment were rendered for the plaintiff, for $119.84 damages. A motion for a new trial was made and overruled.   The defendant appealed to this Court.

J. J. HARDIN, for the appellant.

WILLIAM BROWN and H. B. McCLURE, for the appellee.

BREESE, Justice, delivered the opinion of the Court :
This was an action of *assumpsit*, brought in the Morgan Circuit

(1) 1 Tidd's Pract. 647, 648.

Court, by Eames against Smith, in which a judgment was rendered for the plaintiff, from which an appeal was taken to this Court. The only points presented for consideration are, first, as to the competency of a juror who was called and sworn after being objected to; and, secondly, whether affidavits of jurors can be received to explain their verdict.

As to the first point, the bill of exceptions taken in the cause, states, that upon calling a jury, after the defendant had exhausted his peremptory challenges, Joseph J. Taggart was called as a juror, and upon being questioned by defendant's attorney, whether he had formed and expressed an opinion in relation to the right of the plaintiff to recover, answered that he had both formed and expressed an opinion. Upon being asked, by plaintiff's counsel, whether he had formed his opinion from conversing with the witnesses, or from his own knowledge of the facts, or from information derived from the parties, or from rumor, he answered, from rumor. Upon being asked, by defendant's attorney, whether he knew who the witnesses were, he said he did not. Upon being asked, by the defendant's counsel, whether he still entertained the opinion he had heretofore formed, as to which party ought to succeed in the matter, he answered, he did, if what he had heard was true. The juryman was not interrogated as to his belief of the truth of the rumors to which he referred, as the bill of exceptions states. The defendant's attorney challenged him for cause, which the Court disallowed, and he was sworn as a juror.

In support of the challenge, the appellant's counsel has referred to Co. Litt. 157 a. b.; 2 Peters' Cond. R. 499–500; 2 Johns. 194; 7 Cowen 122; Buller's N. P. 307; 1 Johns. 316; 1 Cowen 432; 1 Swift's Dig. 737; 1 Burr's Trial 41, 43, 370, 419; 4 Wend. 238, 241; 9 Pick. 496; Breese 29; Hilliard's Dig. 182.

Upon the second point presented, he has referred to 3 Caines 58–61.

The counsel for the appellee, to sustain the decision of the Circuit Court, relies upon the case of Durrell v. Mosher, 8 Johns. 445, 3d ed.; 6 Cowen 564; 7 Cowen 122, 123; 1 Burr's Trial 369, 370, 380, 381, 408 (note), 418; 1 Cowen 438.

We have carefully examined all the cases referred to, with a desire to arrive at some rule which shall be suited to our condition, which can be practically enforced, and which shall do no violence to the right of every person to a fair and impartial trial by jury. There is not a perfect coincidence of views in the several cases referred to, nor entire harmony of opinion. The old rule was, that the more a person knew of the facts, of his own knowledge, the better qualified was he to perform the functions of a juror. The doctrine now is, in England, that if a juror has declared that the prisoner is guilty, or will be hanged, or the like, if made out of ill will to him, it is good cause of challenge; but if it was made

from personal knowledge of the facts in the cause, it is no ground of challenge.

The leading case in this country upon this subject, is that of Burr, indicted for treason. The opinions and resolutions of Chief Justice Marshall, who tried that case, upon the various objections made to jurors, as they were called, have been received favorably by all the courts of the several States, and it will not be difficult, aided by the light which his brilliant mind has shed upon the subject, to come to a conclusion, correct in principle, and calculated to promote justice. For this purpose, it will be unnecessary to enter into an elaborate review of all the cases cited, but to state simply the general conclusions to which they all tend, and that is, that a juror is disqualified, if he has expressed a decided opinion upon the merits of the case. If, without any qualification whatever, a juror says the defendant is guilty, or the like, or that the plaintiff ought to recover in the action, or that the verdict ought to be against the plaintiff, he would be disqualified, as not standing impartial between the parties.

If, on the contrary, a juror says that he has no prejudice or bias of any kind for or against either party; that he has heard rumors in relation to the case, but has no personal knowledge of the facts; and, from the rumors, has formed and expressed an opinion in a particular way, if they are true, without expressing any belief in their truth, we should think he would not be disqualified. By hearing reports of a case, not from the witnesses, nor from the parties, but from common fame, and making up an opinion on them, the juror has not prejudged the case, unless the case should turn out to be precisely as the rumors were, a thing very improbable; he has adjudged only the rumors, varying in their hue and color as they circulate through the country. The human mind is so constituted, that it is almost impossible, on hearing a report freely circulated in a county or neighborhood, to prevent it from coming to some conclusion on the subject; and this will always be the case while the mind continues to be susceptible of impressions. If such impressions become fixed, and ripen into decided opinions, they will influence a man's conduct, and will create, necessarily, a prejudice for or against the party towards whom they are directed, and should disqualify him as a juror.

Opinions are formed in different ways: with some, their preconceived prejudices are their opinions; with others, a current rumor fixes the belief; with another class, the most idle gossiping is received as truth itself; while others hesitate long, and demand testimony, before they will assent or dissent. Taking mankind as we find them, it may not be unreasonable to believe, that by far the greater part come to no certain conclusion on a statement of facts, until they have evidence of their existence, though they may have impressions in regard to them, which, if not carefully examined,

Smith *v.* Eames.

might seem to be fixed opinions, and when called on, it would be so stated. A distinction must be made between such impressions and opinions, and in this consists the rule.

In the case of the People *v.* Mather, (1) the Court says, " There is no difference between an opinion formed by being an eye witness of a transaction, or by hearing the testimony of those who were such witnesses, and an opinion founded upon rumors and newspaper publications." This is true if a decided opinion is formed, for it matters not how, or upon what it is formed, whether upon rumors or personal knowledge, so that it is an opinion. But there are grades of opinion. That which the public instinctively forms, upon the happening of any striking occurrence, or of those matters which are current topics of remark, should be distinguished from those deliberate convictions of the mind which are produced by maturely considering the facts and circumstances of a case, and which regulate a man's conduct, or prompt him to action. If a person, without any knowledge of the facts, upon the faith of rumor alone, forms a deliberate opinion, and is convinced, without any evidence, he is not fit to judge his fellows.

But if, in obedience to the laws of his organization, his mind receives impressions from the reports he hears, which have not become opinions fixed and decided, though they may seem to be at first, he would not be disqualified, and this is in accordance with the views expressed by Chief Justice Marshall in Burr's case. He says, "Light impressions, which may be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him." (2)

We take it, then, as settled, that the opinion which is to disqualify, must be a decided one, not an impression merely, which rumor may have produced, and which another report may dissipate. The opinion must, also, be a positive one, not depending upon any contingency, not hypothetical. All the cases referred to, recognize this distinction. In Durrell *v.* Mosher, (3) it was held, that where a juror, on being called up, said he had no personal knowledge of the matters in dispute, but that if the report of the neighbors was correct, the defendant was wrong, and the plaintiff was right, was qualified; for the reason that the opinion was not a fixed and positive one, that it depended on the hypothesis of the truth of the reports. This case has never been overruled, and is approved by all the subsequent cases. It establishes the principle, and for good reasons, that there must be a decided conviction of the mind, on

(1) 4 Wend. 241.     (2) 1 Burr's Trial 416.
(3) 8 Johns. 445.

the facts, before the juror can be considered as having formed an opinion which will disqualify. Here the juror showed which way his opinion was, if the reports were true, that he was against the defendant, who had challenged him. In the case before the Court, this does not appear. It is not shown by the record, how the opinion of the juror was, whether for or against the party challenging him; and it cannot be known whether the party challenging was prejudiced by his being sworn. In most of the cases cited, the opinion of the juror was made known, as in the case in 7 Cowen 381. There the juror had heard the witnesses in a former trial of the same cause, and had made up his mind conclusively, that the defendants were guilty; and he had freely expressed this opinion. It is, however, the opinion of the majority of the Court, that this circumstance should make no difference in the principle. A party ought not to be compelled to abide the risk of the opinion which may be formed, being adverse to him, it being considered sufficient that he has formed and expressed an opinion.

It is not perceived that the case at the bar, differs in any essential particulars from the case of Durrell *v.* Mosher. Taking the whole statement of the juror in connexion, he said he had formed and expressed an opinion from rumor as to who ought to recover, and that he was still of the same opinion, if the rumors were true, placing his opinion entirely upon the hypothesis of the truth of the rumors. He had an opinion from rumor, if the rumors were true, leaving it clearly inferrible, that if they were not true he had no opinion. At most, then, he showed that he entertained not a fixed, decided, positive opinion, upon the merits of the case, but had formed just such an one as all persons instinctively form, when they hear a narrative of any occurrence, or the history of any transaction. He showed that he had come to no certain conclusion upon the facts; that his mind was in such a condition as to be open to the testimony that might be offered, and prepared to yield to its force.

On Burr's trial, Hamilton Morrison was called as a juror, and he stated that he had frequently declared, that if the allegations against the prisoner were true, he was guilty; and he was decided to be an impartial juror. In the same case, Mr. Parker was called as a juror, (1) and being examined by the Court, said " he had formed no opinion of the truth of the depositions, but if they were true, Burr's designs were treasonable;" and he was retained as a juror. Opinions of this character, which are hypothetical, do not disqualify.

We then lay down this rule, that if a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or either of them, or from rumor, and that

(1) 1 Burr's Trial 380-1.

Smith *v.* Eames.

opinion is positive, and not hypothetical, and such as will probably prevent him from giving an impartial verdict, the challenge should be allowed.

If the opinion be merely of a light and transient character, such as is usually formed by persons in every community, upon hearing a current report, and which may be changed by the relation of the next person met with, and which does not show a conviction of the mind, and a fixed conclusion thereon, or if it be hypothetical, the challenge ought not to be allowed; and to ascertain the state of mind of a juror, a full examination, if deemed necessary, may be allowed.

Testing this case by this rule, we think the juror was properly received.

As to the second point, that the Court, on the motion for a new trial, improperly rejected the affidavits of the jurors to explain the grounds of their verdict, we think there is no error. The affidavits are set out in the second bill of exceptions, and show that most of the jurors swore after they had rendered their verdict, that they understood the charge of the judge, as instructing them to find as they did, and if they had not so understood, they would have found a different verdict.

In Dana *v.* Tucker, (1) it was held, that the affidavits of jurors could not be received to impeach their verdict; but that they might be to support it. The same doctrine is recognized by this Court, in the case of Forester *et al. v.* Guard *et al.* (2) There is one class of cases, where the affidavits of jurors may be received to impeach their verdict, and that is, where a part of them swear that they never consented to any verdict. (3) We apprehend no case can be found, where the jurors, after having consented to the verdict, have been permitted, afterwards, for the purpose of setting it aside, to explain by affidavits, the ground, or the train of reasoning by which they arrived at the result. This would be a very dangerous practice, as it would create a strong temptation in the losing party to tamper with the jurors, and thus procure their after thoughts, produced by intercourse with the party, to be imposed upon the Court, for their opinions in the jury room. If they differ about the instructions of the Court, they should come into Court, and have them repeated; and if they fail to do this, they ought not to be permitted to show afterwards, what their impressions or views of the instructions were. Were the practice to receive the affidavits of jurors, to explain the grounds of their finding, in disputed cases, but few verdicts would be retained, as jurors might be found, who would allege as mistakes of law or fact, in making up their verdict, what were in reality after thoughts, produced by conversations with the parties.

We see no reason for enlarging the operation of the rule as

(1) 4 Johns. 487.   (2) Breese 44.   (3) 2 Wash. 79; 3 Burrow 383.

adopted; it is a salutary one as limited. The power in the Court to grant new trials for mistakes of law or fact, by which injustice is done, is an ample security in such cases.

There being no error in the proceedings of the Circuit Court, the judgment is affirmed with costs.

SCATES, Justice, delivered the following separate opinion :

From a review of the authorities upon this question, I concur fully in the views, argument, and conclusion of the majority of the Court, in the rules laid down upon this point, as the best and most practical in the administration of justice in the courts. And it is with diffidence and regret that I am compelled to differ with them in the application of the rules to the case before us.

The right to trial by jury we received with the common law; nevertheless, as if to make certainty doubly sure, by the third clause, second section, and the third article of the Constitution of the United States, "the trial of all crimes, except in cases of impeachment, shall be by jury," and in the State where committed. And still, as if the fundamental provision, in connection with the common law, in cases of misdemeanors, &c., would not secure such trial as the people demanded, it is further provided, in the sixth article of the amendments, that "in all criminal prosecutions, the accused shall enjoy a speedy and public trial, by an impartial jury of the State or district wherein the crime shall have been committed." And in like manner, in the seventh article, "in all suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

Our State Constitution provides, in like manner, article eight, section six, "that the right of trial by jury shall remain inviolate." By section nine, "and in prosecution by indictment or information, a speedy public trial, by an impartial jury of the vicinage," is secured. Thus we see the jealousy with which this right has been guarded and secured. What is meant by an "impartial" jury? Evidently one that shall be as free from impressions unfavorable to the parties' rights, as from malice or ill will towards his person. I cannot regard him as an "impartial" juror, who has "formed and expressed" his opinion upon those rights, although he should have done so upon such slight testimony as "rumor," unless he will, at the time, disavow a belief in the truth of that rumor. The record in this case does not show that he disbelieved or doubted that "rumor," but simply that he still entertained the same opinion, "if what he had heard was true;" that is, if it turned out in evidence, to be true, as he believed it was. This, I am led to infer, was the state of the juror's mind, from his answering to the first interrogatory in the manner he did, that "he had both formed and expressed an opinion," without any qualification accompanying it. It seems to me to have been a decided opinion within the rule laid down by my brother justices. It having been formed without testimony and

upon rumor, does not lessen, but rather increases the weight of the objection to the impartiality of the juror. I think a juror, thus easily acted upon, more dangerous to be trusted, than that organization of mind which proceeds slowly, cautiously, and which, upon full proof and mature deliberation, arrives at a conclusion. It evidences to me, in its constituent elements, too much of hasty passion, prejudice, and implicit credence, which are ever to be feared and eschewed in the jury box. All the influence from pride of opinion was likely to operate upon this juror, who had expressed his opinion without qualification or reservation.

Besides, the degree of credit and belief, which influenced his mind and formed his opinion, would have to be rebutted and removed by proof, as there was nothing, in my judgment, to show that he doubted that rumor more then, than when he had formed and expressed his opinion. No one could ever be successfully challenged for cause, if, by tracing his opinions to rumor, it is made hypothetical by his answering, that if what he had heard, believed, and formed his opinion on, should turn out to be true, from evidence. His mind being now, for the first time, called to reflect upon the sources and authenticity of his information, he could not say less, while the conviction of his former opinion is still left to influence the mind, and will require additional proof to remove it. If the qualification, annexed by the cross examination, had accompanied the juror's first answer, it would have shown his opinion to have been hypothetical. But as he gave his answers, his opinion seemed to me too fixed, until he was made to doubt, by the mode of the examination, direct and cross. I am of opinion, therefore, that the judgment ought to be reversed. On the second point, I fully concur with my brother justices.

*Judgment affirmed.*