## Dunlap *vs.* Hunting.

Where one has personal property in his possession belonging to another which he is bound to deliver to the owner on demand *at a particular place,* such owner may make a personal demand at a different place; and if the possessor deny the owner's right, he will be liable to an action.

Accordingly held that an unqualified refusal to deliver the property would be a breach of the obligation.

So if he answer that he has not got the property, without intimating that any thing had happened to discharge him from his obligation, it is a denial of the bailment, and he is liable. *Semble.*

It is at least evidence upon which the jury might find such denial.

But if he answer that he is ready to deliver at the proper place, that will be no breach of duty.

Accordingly where the plaintiff as a constable had a warrant to collect a military fine, and levied on two books belonging to the defendant, and left them in his possession on his agreeing to deliver them to the plaintiff at a future time, and the plaintiff met the defendant in a different town and there demanded them, and the defendant answered either that he had not got the books or that he would not give them up; *held* that the evidence was sufficient to enable the jury to find a conversion of the books.

An officer who in a suit brought by himself makes title to property under process of a court or magistrate, (*e. g.* a constable who sues for property seized by him on a warrant for a military fine,) must show that the process was warranted by a regular judgment or regular proceedings; though if he were himself sued, he might justify under such process.

ERROR to Seneca C. P. Dunlap sued Hunting before a justice in trover for two law books; and the case was as follows: The plaintiff was a constable of Ovid, Seneca county, and had a warrant from the president of a court martial to collect a fine from the defendant. The plaintiff went to the defendant's office in Farmerville, and levied upon two of his law books, which were left in the defendant's possession on his agreeing to deliver them to the plaintiff at some future time. The plaintiff afterwards saw the defendant at Ovid, and demanded the books. The defendant replied, either that he had not got the books, or that he would not give them up; the impression of the witness was, that he said he had not got the books. The defendant called the president of the court martial which imposed the fine, and proposed to show that the court had no jurisdiction. The wit-

ness said he had a written appointment from the commandant of the regiment. He was asked if he had the appointment in his possession, and if he would produce it. The plaintiff objected, and the justice overruled both of these questions. The jury found a verdict for the plaintiff for $2,35, on which the justice rendered judgment. On *certiorari*, the C. P. reversed the judgment; and the plaintiff brings error.

*J. E. Seely*, for plaintiff in error.

*J. Heron*, for defendant in error. The demand should have been made at the defendant's office in Farmerville. Evidence to show a want of jurisdiction in the court martial was improperly excluded.

*By the Court*, BRONSON, Ch. J. The proof leaves it somewhat uncertain where and when the books were to be delivered. But assuming that they were to be delivered at the defendant's office in Farmerville on demand, it was not indispensable to a right of action that the demand should be made at that place. Property may be demanded of a bailee wherever he may be at the time, and although he is not bound to deliver it at that place. And then if the bailee answer that he is ready to deliver at the proper place, there will be no breach of his duty. But if he deny the right of the bailor, and refuse to deliver the property at all, there could be no use in making another demand, and the bailee will be answerable in the proper action. (*Scott* v. *Crane*, 1 *Conn*. 255; *Higgins* v. *Emmons*, 5 *id*. 76; *Slingerland* v. *Morse*, 8 *John*. 474; *Mason* v. *Briggs*, 16 *Mass*. 453; 2 *Kent*. 508.) Now here, although the demand was made at Ovid, if the defendant's answer was that he would not give up the books, that was a full denial of the plaintiff's right, and no further demand could be necessary. If the answer was, that he had not got the books, that would make a more doubtful case. But as the defendant did not intimate that he had lost the books, or that any thing had happened to discharge his obligation as a bailee, the answer involved a denial of the bailment

and amounted to a refusal to deliver the property. At least, the answer may have been so understood by the jury. A bailee is not at liberty to be silent when a reasonable demand is made, though not at the place for delivery. (*Higgins* v. *Emmons,* 5 *Conn.* 76.) Here, there was nothing like a satisfactory answer, and I think the evidence was sufficient to carry the cause to the jury.

But the evidence which the defendant offered for the purpose of showing a want of jurisdiction in the court martial which imposed the fine was improperly rejected. Process which issues from a court of competent jurisdiction, and which is regular upon its face, will be a sufficient protection to the officer who executes it, although the court did not acquire jurisdiction in the particular case. And possibly the rule may be carried far enough to protect the officer in a case like this, where the defendant proposed to show that the court had not been duly organized. But the rule can never be carried beyond protection. Regular process is a shield in the hands of the officer: but it is not an instrument of assault. When the officer is sued, the process will be a sufficient defence: but when he sues, and attempts to build up a title under the process, he must show a good judgment, or regular proceedings, as well as regular process. (*Earl* v. *Camp,* 16 *Wend.* 562; *Horton* v. *Hendershot,* 1 *Hill,* 118.) When there is a defect of jurisdiction, or the proceedings are void for any other cause, it is going far enough to shield the officer under his process. There is no principle upon which he can be allowed to sue, and recover money for the benefit of the creditor or any other third party. If the court martial was not duly organized, the plaintiff was not obliged to execute its orders, and he will not be liable to an action for omitting to collect the fine. In bringing this suit, he is not acting upon the defensive; but he is attempting to recover money for the benefit of some third person: and a recovery would not only be for the use of a party who ought not to receive, but it would be against a party who ought not to pay. On this point the judgment of the justice was erroneous, and it has been properly corrected by the common pleas.

Judgment affirmed.