## JOSEPH FARRAR *v.* GEO. C. ROLLINS.

### *Trover.*

Where there is no claim to borrowed property and no objection to the owner's taking it, a mere refusal to return it on demand to the place whence it was taken, according to the agreement when borrowed, is no conversion.

TROVER for a sled. Plea, the general issue. Trial by jury, June Term, 1864, ALDIS, J., presiding.

The plaintiff's evidence tended to show that the defendant, by his hired man, Cole, borrowed a sled of him to use during the season of threshing, and agreed to return it when he was done ; that after he was done the plaintiff requested him to return the sled to his house where he got it, and the defendant wholly refused, upon the ground that he never borrowed it or authorized Cole to borrow it, but that Cole borrowed it for his own use.

There was no other evidence of conversion, or of the defendant's making any claim to the sled.

The court instructed the jury, for the purposes of this trial, that if they found the facts as the plaintiff's evidence tended to show, it would amount to a conversion,—to which the defendant excepted.

*Peck & Colby*, for the defendant, cited *Heald* v. *Carey*, 9 L. & Eq. 429 ; *Sharpe* v. *Pratt*, 14 C. L. R. 198.

*O. S. & C. C. Burke*, for the plaintiff.

POLAND, Ch. J. It is fairly to be inferred from the exceptions that the plaintiff's sled was in the defendant's possession, at the time the plaintiff requested the defendant to return it.

The plaintiff did not claim that the defendant obtained possession of it wrongfully, but that he loaned it to him, or to his servant, so that there was no conversion by a wrongful taking. But the plaintiff claims that it was unlawfully detained and withheld from him by the defendant, when he called for or demanded it.

The plaintiff requested the defendant to return the sled to his (the plaintiff's) house, where he got it. This the defendant refused to do, on the ground that when Cole borrowed the sled, he borrowed it for himself, and not for the defendant. The defendant made no claim to the sled, and no objection to the plaintiff's taking it; he only refused to carry it to the plaintiff's house, claiming he was under no obligation to do so. If the borrowing was really on behalf of the defendant, so that it was his duty to have returned it to the plaintiff, his refusal to do so was no conversion; it was a mere breach of contract, for which he might be liable in a proper action.

The principle is undoubted, that where one has the property of another in his possession, with no right to retain it, and being called on to surrender it to the owner, refuses, he is guilty of conversion, and trover will lie. But here was no refusal to surrender the sled to the plaintiff, and no withholding it from him; indeed the plaintiff did not ask to have it delivered to him. He claimed that the defendant should carry the sled to his house, which the defendant refused. If this refusal was wrongful, it was no conversion. There was no repudiation of the plaintiff's right to the sled, and no assertion or exercise of any dominion over it by the defendant, inconsistent with the plaintiff's right. The plaintiff could have had his sled when he called for it, but insisted the defendant should fulfill his duty, or perform his contract by carrying it home.

Judgment reversed and case remanded.