## SANBORN *v.* BUSWELL.

The defendant gave the plaintiff, a deputy sheriff, a receipt in the usual form for certain property attached by him on a writ against one B., wherein she engaged to return the property on demand. At the time judgment was rendered on the writ, and for more than thirty days thereafter, the defendant was out of the State on a visit. Within thirty days after judgment, the plaintiff, having the execution for collection, left a written demand for the property at the dwelling-house of the defendant. *Held,* that this was not a sufficient demand to fix her liability or the receipt.

TROVER, by Jonathan P. Sanborn against Rachel Buswell, for sundry articles of personal property attached by the plaintiff, as a deputy sheriff, on a writ in favor of one B. M. Prescott against Lewis D. Buswell, and for which property the defendant gave the plaintiff a receipt in common form.

It is agreed that judgment was duly rendered in said suit of Prescott against Buswell, and an execution issued thereon, which was placed in the hands of this plaintiff for collection less than thirty days after judgment rendered. This defendant, at the time of the rendition of said judgment, and for more than thirty days thereafter, was in Massachusetts on a visit. The plaintiff, after receiving said execution, and less than thirty days after the rendition of judgment, went to the defendant's house in Franklin, in said county, with the receipt, for the purpose of demanding of her the property embraced in. said receipt; but, the defendant being absent as aforesaid, he left a written demand upon the defendant for said property with said Buswell's family, who lived in her house, and with whom she made her home and had her usual place of abode. The property was never delivered to the plaintiff, and no other evidence of a demand or conversion is claimed by him.

*Pike & Blodgett,* for the plaintiff.

We understand the only question raised by the case is, whether a legal demand was made by the plaintiff.

I. *As to the place of demand.* It appears that the demand was made at the home of the receptor, and also of the defendant in the original action. The place of demand, therefore, may well be regarded as proper.

II. *As to the time and form of demand.* The case finds that within the proper time the plaintiff went to the defendant's house with the receipt, for the purpose of demanding of her the property embraced in said receipt; but, the defendant being absent, he left a written demand at her home and usual place of abode. No objection is made that this

demand was not sufficiently definite and certain, and the presumption is that it was in proper form. Did this constitute a legal demand? We say (1) That the receiptor was bound to be there, ready to deliver the property embraced in her receipt, and that the officer made all the demand that could reasonably be required under the circumstances.

In *Phelps* v. *Gilchrist*, 28 N. H. 266, it does not appear that a personal demand could not have been readily made upon the receiptor, and without trouble or expense to the officer; but here the case expressly finds that the defendant was out of the jurisdiction at the time of the rendition of judgment, and until the lien acquired by the attachment had become invalid through lapse of time. We do not admit the correctness of the decision referred to in many respects, but yet claim that our case presents a state of facts which that case did not contemplate; for, if the doctrine there laid down is to prevail without qualification, any receiptor, by simply absenting himself or avoiding the proper officer until after thirty days from the rendition of judgment in the action upon which the receipt is founded, may avoid his liability, and thus leave the officer liable for the amount of the receipt, although he has exercised all reasonable care and prudence.

It is respectfully submitted that such a doctrine is not law, and is contrary to every principle of justice. Let it be established and generally understood that a personal demand alone will charge the receiptor, and one half of all the receipts given would prove worthless, and every sheriff would become bankrupt. The acceptance of a responsible receiptor is not discretionary with the officer. Under our decisions (17 N. H. 436) he cannot lawfully remove the property attached, if the debtor tenders such a receiptor. He is compelled to accept him whether he is willing or not: and yet, carry out the doctrine we are considering, even though the receiptor.be worth millions, if the officer cannot find him to make a personal demand, the receipt is invalid; and this would apparently be so even if the receiptor had sold or converted the receipted property to his own use, because from the authorities it would seem that a demand is necessary in all cases, whether the property is in existence or not, and that it is the demand alone that fixes the receiptor's liability. *Hill* v. *Wiggin*, 31 N. H. 292; *Scott* v. *Whittemore*, 27 N. H. 309. The doctrine that a personal demand is necessary in all cases to charge a receiptor is an absurdity; and to say that it was the intention of the court in *Phelps* v. *Gilchrist* to establish such a doctrine, without restriction or qualification, would be a libel upon the tribunal by whom that decision was rendered.

(2) If it was necessary and proper for the defendant to absent herself from the State in the manner and for the length of time she did, we say that she ought to have left the property in care of an agent, with power to deliver it up when properly demanded. She had no right to put herself in a position where she could not at once deliver the property to the proper officer. If a personal demand had been made in Massachusetts, she could not have delivered the property immediately. But it may be urged that under such circumstances she

would have been entitled to reasonable time to make the delivery. Supposing this is so, she had the same opportunity under the written demand, this suit not having been commenced until nearly six months after such demand. Her rights in this respect, therefore, have not been prejudiced.

The purpose of the officer in going to the defendant's house with the receipt was to demand the property set forth therein. Did he carry out his purpose ? We say he did all the law required him to do. But if he failed to make the usual demand, the defendant was the sole cause of such failure, and ought not, therefore, to be permitted at this time to set up a defence founded wholly upon her own wrong. The officer acted in good faith ; and it is a principle of law that the acts of a sheriff are to receive the most favorable construction. *Bissell* v. *Huntington*, 2 N. H. 142.

Giving to his acts in this case any reasonable construction, and we submit that this action may well be maintained.

*Barnard & Sanborn*, for the defendant, cited *Phelps* v. *Gilchrist*, 28 N. H. 266.

LADD, J. We are unable to see any distinction between this case and *Phelps* v. *Gilchrist*, 28 N. H. 266, cited and relied upon by the defendant's counsel, where it was held that proof that a written demand was left at the receiptor's dwelling-house, or delivered to him in person, without more, will not be evidence of a breach of the receiptor's contract or duty, or of a conversion of the property.

It is true, in that case it does not appear that the receiptor was out of the State at the time the written demand for the property was left at his dwelling-house ; but if, as was there held, the demand upon the receiptor must be personal, and such that he may at once discharge himself by yielding to the claim and giving up the property, it is certainly clear that it makes no difference whether he be within the State at the time or not ; a demand in writing left at his place of abode must in either case be unavailing, and a personal demand elsewhere would be sufficient; although if he declares his willingness to deliver the property he must have reasonable time and opportunity to do so before a suit can be maintained against him for its conversion. *Dunlap* v. *Hunting*, 2 Den. 643.

The claim of this plaintiff, therefore, is, that the doctrine established in *Phelps* v. *Gilchrist* be overruled ; and it is urged that this should be done because the application of that doctrine leads to practical absurdity and wrong. It is said that, while it is held to be the duty of an officer to accept a responsible receiptor for the property attached if one is offered, by the application of this doctrine any receiptor, no matter how responsible, by simply absenting himself or avoiding the officer until after thirty days from the rendition of judgment, may avoid his liability, and so leave the officer liable for the property attached, although he has exercised all reasonable care and prudence in the discharge of his duty. This is stating the matter too broadly; but it can-

not be denied that in cases where the property is allowed to go back into the hands of the debtor, as is usual, some such result is liable to follow the application of this rule; for, whatever might be the effect of an intentional avoidance to prevent a demand, the receiptor may be called away from home by his own legitimate business, and a personal demand may be thus rendered impossible without any fraudulent or improper purpose on his part. The force of this argument cannot be denied; and if the form of the receipt were prescribed by law, it would probably be irresistible. But it is to be borne in mind that the receipt is nothing more than the written evidence of the contract of bailment entered into by the officer and receiptor; its form is a matter of voluntary agreement between them, and the rights and liabilities of the parties to it must be determined by the fair construction of the writing itself. It would be easy to provide, in the outset, against the contingency of the receiptor's absence when the property may be wanted to apply 'on an execution, or to be returned to the defendant in case he prevails, by inserting a suitable provision in the receipt for that purpose. But if the written contract fails to make provision for such a contingency, the defect cannot be supplied by the court. The liability of the receiptor cannot be enlarged by implication, whatever result may follow the legal interpretation of the contract he has made.

In this case, it is said the receipt was in the common form, and we assume that the undertaking was to return the goods to the officer *on demand.* The question, therefore, is, as before suggested, exactly the question decided in *Phelps* v. *Gilchrist*, namely, What is meant by " on demand ?" Does it mean a personal demand, such that the receiptor may thereupon discharge himself by delivering the property? or, do the words admit of a construction which will allow a written demand left at the dwelling-house to be sufficient? In *Phelps* v. *Gilchrist*, as we have seen, it was held that the demand must be personal; and, upon very careful consideration, we think that, whatever reasons may be urged against that decision, they are not sufficiently cogent to require that we should overrule the case, after it has stood unquestioned for eighteen years, and has been received and acted on .as the law of the State for that length of time. Nor are we prepared to say that we should reach a different result were the question new. The reasons given by the learned judge who delivered the opinion of the court in that case are extremely clear and forcible, and it may be doubted whether they admit of an answer.

We are aware that it has been held the other way in Massachusetts, in a case reported many years before *Phelps* v. *Gilchrist (Mason* v. *Briggs*, 16 Mass. 453), and that it is there intimated that the receiptor's absence from the State would make a difference. But the opinion is very brief, and no reasons are given for either of the views expressed by the court. We are quite agreed that absence from the State can make no difference; and as to the other point, we are inclined to follow our own case, which was evidently considered with much more care, and will, quite likely, be found to rest upon a sounder view of the law.

                                            *Case discharged.*