## DETERMINED IN THE

# FIFTH DEPARTMENT,

### AT

## GENERAL TERM,

## June, 1885.

---

DOWAIN RICHARDS, Appellant, v. THE PITTS AGRI-
CULTURAL WORKS, Respondent.

*Conversion — when the mere silence of a party, when a demand is made, does not
establish it.*

A threshing machine, manufactured by the defendant, after having been deliv-
ered to the plaintiff, was for some reason restored to the defendant and
placed in its warehouse in Buffalo. The defendant having thereafter notified
the plaintiff that it should bring an action against him to recover the unpaid
purchase-price, the plaintiff went, with his attorney, to the defendant's place
of business and paid the full amount thereof. The attorney then asked the per-
son representing the defendant, to whom the payment had been made, " where
is his (plaintiff's) threshing machine?" and was answered, " it is in our ware-
house." The attorney then said: " Take notice, that in the name and in the
behalf of Dowain Richards, of Brockport, N. Y. (the plaintiff), I demand of
you the threshing machine and apparatus which you sold him, and he has this
day paid you for, through me," to which nothing was said in reply. The
threshing machine was in the defendant's building, at some distance from
where the conversation was had, and required a team for its removal.

Upon the trial of this action, brought to recover damages for a conversion of the
machine, the defendant's counsel requested the court to charge the jury that
this conversation did not show such a demand and refusal as to warrant them in
finding a conversion of the machine by the defendant, which request the court
refused to comply with.

*Held*, that it erred in so refusing.

The cases where the silence of a person having possession of property, on demand
being made therefor by the owner, is held to furnish evidence of a conversion
collated and distinguished by Bradley, J.

Hun—Vol. XXXVII    1

APPEAL from an order of the Monroe Special Term granting a motion made for a new trial on exceptions.

The action was brought for the alleged conversion of a threshing machine. The machine had been manufactured by the defendant and delivered to the plaintiff, who resided in Monroe county. And for some reason or purpose the plaintiff returned it to the defendant at Buffalo, and the defendant put the machine into its warehouse there. Afterwards the defendant advised the plaintiff of its purpose to bring suit against him to recover the purchase-money remaining unpaid, and thereupon the plaintiff, with his attorney, went to Buffalo and at the defendant's place of business tendered and the defendant received the amount due in payment for the machine. And then the plaintiff, by his attorney, demanded of an agent of the defendant the machine. The evidence tends to prove that no reply was made to the demand, and that afterwards a further interview was had between the plaintiff and those representing the defendant.

The plaintiff recovered a verdict and on the defendant's motion for a new trial on the minutes, founded on exceptions, a new trial was granted. The plaintiff appealed from that order.

*J. D. Decker*, for the appellant.

*E. C. Sprague*, for the respondent.

BRADLEY, J.:

The threshing machine was lawfully in the possession of the defendant and in its warehouse in the city of Buffalo, some little distance from its office and place of business. The plaintiff called at the defendant's office and paid it the full amount of the purchase-money for the machine. And the evidence tends to prove that the plaintiff, by his attorney, then and there, and immediately after such payment, said to the person representing the defendant, " Where is his (plaintiff's) threshing machine?" And was answered, "it is in our warehouse." Whereupon the attorney said to him : " Take notice that in the name and in the behalf of Dowain Richards, of Brockport, N. Y., I demand of you the threshing machine and apparatus which you sold him and which he has this day paid you for through me," and that nothing was said in reply. The defendant's counsel requested the court to charge the jury that this was not such demand

and refusal as to warrant the jury in finding a conversion, which was refused and exception taken.

The only question here is upon the exception. If the refusal to so charge was error the new trial was properly granted. The exercise of some dominion over property inconsistent with the right of the owner, or a denial of such right is requisite to constitute a conversion. Mere words are evidence of a conversion when they import a denial of the right of the owner to take or resume the possession of his property, if the situation of the person using the words is such in respect to it as to enable him to interrupt the owner in taking possession of or reclaiming his property.

The machine belonged to the plaintiff and he was entitled to the possession of it at the time the demand was made and that fact was known to the defendant. What was the latter called upon to do when thus advised that the plaintiff wanted the property, and what was there in the circumstances of that occasion which can be construed as evidence of denial of his right to take it? If the person representing the defendant had said to the plaintiff's attorney that he could not have the machine or had said anything to the effect that he could have it on some condition only, which the defendant had no right to impose, evidence of conversion would have been furnished, or if the plaintiff had asked that opportunity or the necessary facilities be furnished to enable him to obtain access to the property for the purposes of taking it away and had been refused, that would also have justified the conclusion of conversion. And there may be cases where an omission to reply to a demand for property with no act of delivery or indication of willingness that the owner take it, would be equivalent to a refusal and evidence of a conversion. That would be so if the party of whom the demand was made had the property on his person, or under his then immediate personal control, so that he could and should hand it over. But, here was a threshing machine in the defendant's building, some distance from the place where the demand was made, the removal of which required a team. And there is nothing appearing here to show that the defendant was required to take it from the place where it was and draw it to the plaintiff at any place, or to ship it to him by railroad. The right of the plaintiff was to take it at and from the place where it was. And all that was required of the defendant was to permit

him to do it. Is the fact that nothing was said by the defendant when the demand was made, any evidence of interruption by the defendant to the exercise by the plaintiff of such right? The plaintiff, upon the question under consideration, is entitled to any inference which may legitimately be derived from what was and was not said. And if the transaction and conversation at the office of the defendant were such as to furnish any evidence of a refusal on the part of the latter to permit the plaintiff to take the property, the exception is not supported.

This question depends mainly on the effect which may be given to the omission on the part of the defendant's representative to follow the demand by any remark in reply to it. In view of the circumstances of the occasion and of the character and situation of the property, it is difficult to see any significance, as evidence of refusal or denial of right of the plaintiff to take the property, in such failure to respond to the demand so made.

The expression of nothing was no more a refusal than a consent that the plaintiff take the property. The fact of conversion imports a tortious act, and to justify the conclusion of liability of the defendant the evidence must tend to prove that it was a *tort feasor.* (1 Addison on Torts, 501; *Canot* v. *Hughes,* 2 Scott, 663; S. C., 2 Bing. [N. C.], 448.)

When the possession is lawful the party having it must be placed in the wrong by some act which may be deemed a violation of the owners right of property, possession and control. This does not depend upon "manual act of resistance but may be evidenced by the assertion of claim of the right of dominion in exclusion or defiance of the right of the owner. (*Bristol* v. *Burt,* 7 Johns., 254.) And while a refusal to deliver on demand is not itself a conversion it may be evidence of the act of conversion. (1 Add. on Torts; *Wilton* v. *Girdlestone,* 5 Barn. & Ald., 847.) But to constitute such evidence the refusal must be under circumstances such as to dispute or be a denial of the owner's right of dominion over the property. (*Canot* v. *Hughes, supra; Farrar* v. *Rollins,* 37 Vt., 295.)

In this case the defendant received payment in full for the property and informed the plaintiff where it was. Nothing appears up to that time requiring a demand of the property. The title of the

plaintiff and his right to the possession were recognized. No reason appeared for denial by the defendant of his right to go and take it, and none to produce apprehension of any purpose to refuse permission to him to do so. Your property is in our warehouse, is the response to the inquiry made for the place where it was. No words were used which tended to interrupt his going to that place and taking it. This was the situation at the interview when the demand was made which elicited no answer. There was nothing for the defendant to do but to permit the plaintiff to go and get the property. Is this silence any evidence of refusal to allow him to do so? The plaintiff did not in terms ask permission to take it from the warehouse, or for any order to do so. It is difficult, under the circumstances, to construe this failure of the defendant's man then to speak, by inference, as a denial of the plaintiff's right, or as any evidence of dominion or claim of dominion by the defendant over the property in exclusion of the plaintiff or inconsistent with his right to the immediate possession of the property. (*Pattee* v. *Gilmore*, 18 N. H., 460; 45 Am. Dec., 385; *Bristol* v. *Burt*, 7 Johns., 254; *Lockwood* v. *Bull*, 1 Cow., 323; *Mitchell* v. *Williams*, 4 Hill, 13, 16; *Monnot* v. *Ibert*, 33 Barb., 24; *Gillet* v. *Roberts*, 57 N. Y., 28, **33.**)

To support an action for conversion by evidence of demand and refusal, the refusal must be proved or what is equivalent to it in effect. It must import an unwillingness to permit the owner to take his property and a denial of his right to do so. Then the fact upon which the conversion depends may be inferred which is the assertion of a claim or right of dominion in exclusion of the right of the owner temporarily or otherwise. If it cannot be construed as a claim of right as against the owner to retain the property, there is no conversion. (*Zachary* v. *Pace*, 9 Ark., 212; 47 Am. Dec., 744.) The cases where silence of the person having possession of property on demand being made of him by the owner is held to constitute evidence of refusal are distinguishable from the one at bar.

The remark in *Monnot* v. *Ibert* (33 Barb., 26), that "if a demand is immediate and distinct, a silent retention of the goods will be sufficient," is evidently good law in a case to which it would apply. And the same may be said of the remark that "a mere non-compliance with the demand, after a reasonable time has been afforded for

a delivery, would be tantamount to a refusal, and presumptive evidence of a conversion." (1 Cow., 330; 4 Hill, 16.)

And in _Durell_ v. _Mosher_ (8 Johns., 445) the defendant having taken some of the plaintiff's sheep without the consent of the latter and promised to return them, his failure to do so was held to be evidence of conversion. In _Davies_ v. _Nicholas_ (7 C. & P., 339), to the demand of the owner of his furniture in possession of the defendant, the latter said he should do nothing but what the law required, and he did not then or afterwards deliver it up. _Held,_ evidence of conversion.

In _Watkins_ v. _Woolley_ (1 Gow., 69) the defendant had obtained a landau by purchase, and the plaintiff demanded it of him, and although it did not appear that the defendant had expressly refused to deliver it up, it was held that the non-delivery, pursuant to the demand, was evidence of a conversion. If all the circumstances of that case are disclosed in the report of it, it is an extreme case in support of an action of trover. And as the demand was a written one addressed to the defendant, and left at his house, that case is not in harmony with _Pattee_ v. _Gilmore_ (_supra_).

In _Dunlap_ v. _Hunting_ (2 Denio, 643) there was sufficient evidence of demand and refusal to support the conclusion of conversion, and the judge, in the opinion, said: "A bailee is not at liberty to be silent when a reasonable demand is made, though not at the place for delivery," and cites _Higgins_ v. _Emmons_ (5 Conn., 76; 13 Am. Dec., 41), which was an action on contract, by which the defendant had undertaken to deliver property on demand. The demand was made and the defendant neither answered or delivered the property. It was held that his silence was equivalent to a refusal and was a breach of the obligation he had assumed by the contract to deliver. In that case the right of action required only a breach of contract, and did not depend upon a tortious act of the defendant, and is distinguishable from the case at bar. And such was the case of _Mason_ v. _Briggs_ (16 Mass., 453), where it was held that no personal demand of the defendant was necessary; that having undertaken to deliver on demand he must at all times be ready to do so, and therefore in his absence from the State an unsuccessful demand made at his place of residence was effectual to charge him with breach and liability. When a party has made a contract to

deliver property he has assumed the duty of affirmative action by way of performance, and his passive failure when required by its terms, whether on demand or at a specified time, may afford a breach and right of action. And the rule applicable to such case does not necessarily apply in support of a right of action for conversion of property which was lawfully in the possession of a party sought to be charged. The former requires nothing more than a failure to perform the contract, while conversion of property is something more. In legal effect it is the assertion of a right or dominion inconsistent with that of the owner.

In *Gillet* v. *Roberts* the court say, " that to constitute a conversion a manual taking is not necessary ; but where words are relied upon, they must be uttered under such circumstances, in proximity to the property, as to show a defiance of the owner's right, a determination to exercise dominion and control over the property and to exclude the owner from the exercise of his rights."

There may be circumstances in respect to the relation assumed to property by the party having possession of it, attending the occasion of a demand by the owner, which may characterize omission to respond to the demand as evidence of refusal to deliver or to permit the owner to reclaim his property, but there seems nothing in the transaction in question to support any such understanding or to give such effect to the silence of the person through whom the demand was made of the defendant.

Taking it as a whole, as it occurred at the office, it affords no evidence of denial of the right of the plaintiff to take his property, or of a purpose to detain the property, or to interrupt him in taking it from the place where it then was.

If it may be said that he could not, without permission, rightfully go to the warehouse and take it, it is sufficient to add that he did not ask such permission, nor was it denied to him. He was entitled to, and received, information where it was. He was not then prepared to get it. And he is not at liberty to assume, from what occurred at that time, that he was not at liberty to go and remove it from there. (*Houghton* v. *Butler*, 4 Durn. & E., 364.)

The consideration of the question presented by this exception does not involve the interview which took place later on the same day, at the hotel, between the parties, except so far as to see that

it alone did not necessarily *require* a verdict for the plaintiff.  The two interviews and the occurrences at both of them were properly to be considered and, probably, were taken into consideration by the jury as practically parts of the same transaction, but that did not deny to the defendant the right to·found a request to charge upon the effect of the one at the office alone.

There is a conflict of evidence as to the occurrences at the later interview.  Substantially all of that which the plaintiff claims to be important for him in this action is in the testimony of his witnesses and is contradicted by that of the defendant's witnesses.  And in view of such conflict the defendant's counsel was permitted, for the purpose of presenting the question by request to charge, to treat that interview as furnishing no aid to the one at the office although it was for the jury to determine what the truth was of the talk at the hotel.  And we. do not here express any opinion as to the effect which might, in any view, be given to that conversation upon any question in the action.

If anything was said at the hotel that can be so construed, alone or with the prior one, as to show a refusal on the part of the defendant to deliver the property to the plaintiff or the imposition of a condition to the immediate delivery of the property to him, it would be a matter of evidence for the consideration of the jury upon the question of conversion.  We express no views in respect to the construction which may be given in that respect to that conversation, or both together, or what effect may be given to the omission of the defendant subsequently to those interviews and before the commencement of this action to advise the plaintiff that they were ready to deliver or that he could take the machine.  The exception to refusal to charge seems well taken.  The motion for new trial was properly granted.

The order should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order affirmed, with costs to abide event.