NEW-YORK,
May, 1836.

Marquissee
v.
Ormston.

---

## MARQUISSEE *vs.* ORMSTON.

The affidavit accompanying a *warrant of distress* for rent must state *the time for*, or *during which the rent accrued;* it is not enough to state the amount of the rent, and the time up to which it is claimed.

Where the affidavit is defective, the landlord fails to show a *right to distrain*, and is liable to an action of *trespass* for property taken under the warrant.

Where there is a mere *irregularity*, the remedy is by action on the *case*.

A new trial will not be granted for the *excessiveness* of the damages, where a jury give $150, although property was sold only to the amount of $35, in a case of distress for rent, where the affidavit was not conformable to the statute.

THIS was an action of *trespass*, tried at the Otsego circuit in April, 1834, before the Hon. ROBERT MONELL, one of the circuit judges.

The defendant sold property of the plaintiff under a *distress warrant*, to satisfy a claim of rent, for which an action of *trespass* was brought. The defendant justified under the *warrant*

whereby the constable was directed to *distrain* the goods and chattels of the plaintiff, in the houses and premises occupied by him, in the town,&c. for $16,70,*being the sum due for rent for said premises on the 12th August,*1832. Accompanying the warrant was an affidavit of the defendant, that the sum of $16,70 was due to him from the plaintiff, for rent of the premises mentioned in the warrant, *it being the amount of rent due up to the12th August,*1832. The plaintiff objected,that the affidavit was defective, in not stating the *time for which the rent had accrued.* The judge sustained the objection. The plaintiff then proved the value of the property sold to be $34,50; that the sale of his property caused a pressure upon him by his creditors; that he was nearly broke up in his business, as a blacksmith, and that his business since had not been as good as it was before that event. The jury found a verdict for the plaintiff, with $150 damages. There was other evidence in the case, which it is deemed unessential to notice. The defendant asks for a new trial.

*J. A. Spencer,* for the defendant.

*L. C. Saxton,* for the plaintiff.

*By the Court,* Savage, Ch. J. The only question which it is necessary or proper to discuss is the point decided by the judge, to wit, whether the affidavit of the landlord was a compliance with the statute? The language of the statute is, " That no officer shall proceed to make distress for rent, unless there be annexed to, or delivered with the warrant of distress an affidavit made by the landlord, for whose benefit the distress is to be made, or by his agent or receiver, before some officer authorized to administer oaths, specifying the amount of rent due, *and the time for which it accrued."* 2 *R.S,* 501, §8. An analogous provision is found in 1 *R. S.* 746, §12. There, when an execution is issued and served upon goods upon demised premises, when rent is due, the landlord may give notice to the officer having the process of the amount claimed to be due, " and the time during which the same accrued," and ·

shall accompany such notice with an affidavit of its truth. The reason for this appears in the next section, to wit, that no more than a year's rent may be collected in this manner. In that case it would seem that a notice stating the amount of rent due on a certain day, without specifying when the rent commenced, would not be a compliance with the statute, as it would not show that no more than one year's rent was claimed. In this case the same reason does not exist, to the same extent. The object of an affidavit, in this case, probably is to guard the tenant from liability to a second distress for the same rent ; that object is attained as well by an affidavit showing when the rent became due and payable, as by one showing its commencement and the period when it accrued, because the landlord having received rent to a particular time, can never go back beyond that time to recover rent. In addition to this reason for the statute, there is but one other which suggests itself, and that is, that it may appear that no more than six years' rent are distrained for. But whatever reasons may have influenced the legislature, the direction is clear and explicit that the affidavit shall specify "the amount of rent due, and *the time for which it accrued.*" The affidavit, in the present instance should have stated the commencement, as well as the termination, of the time when the rent accrued. When there is no ambiguity in the language of a statute, the court have no right to understand it in any other sense than according to the plain import of the terms used by the legislature.

The defendant also contends that the verdict is against law and evidence, and that the damages are excessive. He insists that the relation of landlord and tenant was shown to exist between him and the defendant, and that for an irregularity in the proceedings, if the proceedings should be deemed to be irregular, *trespass* does not lie. On the other hand, the plaintiff insists that such relation did not exist ; that the promise to pay rent was obtained by fraud. From the evidence adduced on the trial, it may well be questioned whether the relation of landlord and tenant did fairly exist between the parties. If, however, it did properly and legally exist, still the irregularity complained of, going, as it does, to the *right to distrain,* the action of trespass would lie, though for any irregularity in the

proceedings, where the right existed, *case* only would be the NEW-YORK, proper action. The *damages*, it is true, seem to be large, in May, 1836. comparison with the value of the plaintiff's property sold; but The People there was evidence that the plaintiff's business had been brok- v. en up, and his other creditors had called upon him, in conse- Ellis. quence of the defendant's proceedings. The damages are not so great as to evince passion, prejudice or partiality, on the part of the jury. I am of opinion, therefore, that a new trial should be denied.