## CABLE, FITCH & LOSEE *vs.* DAKIN & DAKIN.

An inquisition assessing the damages of a defendant in an *action of replevin* after a discontinuance of the suit, will not be set aside on the ground of the *excessiveness of the damages,* where the proceeding on the part of the plaintiff is vexatious and oppressive, and no rule of law has been violated by the jury.
A jury in such case are authorized to give smart money.

MOTION by plaintiffs to set aside inquisition on the ground that the damages are excessive.

On 24*th September,* 1834, the plaintiffs replevied three boat loads of lumber which the defendants had at Albany, and were about forwarding to Boston for sale. The defendants had several other boat loads of lumber, a part of which they were about selling in Albany to raise money to pay off a mortgage to *Cable,* of which *Fitch & Losee* had the control. On the executing of the writ of replevin, the defendants put in a claim of property, which was tried the next day, when the jury found property in the defendants. The same evening the boats, in the charge of the defendants' servants, went to Van Wie's Point, the place where vessels were loaded for Boston. The plaintiffs requested time until the next day to consider whether they would give a further bond pursuant to the statute, and proceed with the suit, which the defendants granted. The plaintiffs were advised on the same day not to proceed with the suit, but notice of this advice was not given to the defendants, who waited until Monday morning the 29th September, when they sent to the sheriff's office and ascertained that a further bond had not been given. In February, 1835, the defendants obtained judgment of discontinuance, and on the 30th May, the writ of inquiry of damages, pursuant to the statute, was executed. The jury found the value of the property replevied to be $5,000, and they assessed the defendants' damages at $750. In the affidavits on which this motion is founded, is set forth a *mortgage* under which the plaintiffs allege the writ of replevin was sued out.

Cable *v.* Dakin.

*A. Taber,* for the plaintiffs.

*R. W. Peckham,* for the defendants.

*By the Court,* Bronson, J.   On examination of the affidavits on both sides, there can be but little doubt that the defendants actually sustained as much damage in consequence of the interference of *Losee* on behalf of the plaintiffs, and the replevin, as the jury has given.   They suffered in the payment of expenses, the price of transportation, and the fall in value of the lumber before it could be forwarded to the Boston market.   It is a fatal objection to this motion, that it no where appears that the mortgage was in evidence before the jury.   Without proof of the mortgage, there was not the slightest color for the replevin suit ; it was a most vexatious and unwarrantable proceeding, and the jury would be well warranted in giving heavy damages —they might allow smart money.

But if the mortgage had been given in evidence, there was no proof going to show that Fitch & Losee acted in good faith in taking the property under it, and there was evidence from which the jury might find that they were influenced by unworthy motives, such as the law will not tolerate.   I do not think it necessary to state the evidence although I have examined it with care.   I should have been as well, if not better satisfied, had the jury given less damages.   But it is impossible to say that any rule of law has been violated, and this is a case where we cannot disturb the verdict of the jury without interfering with settled principles.   15 *Wendell,* 368.   15 *Johns. R.* 493.

Motion denied.