## BUTTS *vs.* EDWARDS.

In conducting the proceedings upon a distress for rent, five full days must elapse after the day on which notice of the distress is given before an appraisal of the goods can be made or notice of sale given. Therefore where notice of the distress was given on the *ninth*, HELD that the appraisal could not take place before the *fifteenth* of the same month.

But where the appraisal is made too soon, or any other irregularity occurs after a distress legally made, the proceedings are not void, and *trespass* will not lie against the party making the distress; but only *case* for the special damages sustained by the party aggrieved.

And that action can only be sustained against the party who personally or by his agent commits the irregular act.

Such action cannot be maintained against the agent of the landlord who issued the warrant in the landlord's name and directed the officer to take the plaint' property and who attended the sale and received the rent collected by the distress but had no agency in or actual knowledge of the irregularity.

Where the irregularity consisted in making the appraisal and the sale one day before the time prescribed by law, and there was no proof of special damages, *held,* that only nominal damages were recoverable. *Per* JEWETT, J.

CASE, tried at the Oswego circuit in June, 1844, before GRIDLEY, C. Judge. The action was brought to recover damages on account of alleged irregularities in conducting a distress of certain personal property which the plaintiff claimed as mortgagee, which was distrained and sold for rent due to Gerrit Smith, by virtue of a distress warrant issued and signed by the defendant as the agent of Smith.

Butts *v.* Edwards.

The plaintiff's interest in the property as the holder of a chattel mortgage which had been duly recorded; the demise by Smith of the Oswego Hotel, the premises upon which the property was seized; the fact that rent was in arrear; the authority of the defendant to act as the agent of Smith and the regularity of the distress warrant and affidavit annexed were severally proved or admitted. The warrant was dated March 9th, 1844, and was on that day delivered to a constable of the town of Scriba, in which the demised premises were situated, who was one of the officers to whom it was directed and who on the same day distrained a quantity of furniture in the hotel, and served the notice and inventory required by the statute. On the 14th day of the same month he caused the property to be appraised, and affixed notices for a sale thereof on the ensuing 19th day of March, on which day he sold the same at auction. The defendant personally delivered the warrant to the constable and directed him to distrain the property in question. He gave no directions as to the manner of executing the warrant and did no other act until the day of sale, when he attended and bid upon some articles but did not purchase any, the whole being struck off to other persons. He received the proceeds of the sale to the amount which was due for rent, which was paid to him by the purchaser, and signed a receipt to the officer in the name of Smith, the landlord.

The irregularities complained of, and which were relied on at the circuit, were 1. That one of the notices of sale was affixed on the inside of the door of the sitting room of the hotel, which it was insisted was not a "conspicuous part of the demised premises;" and 2. That the sale was made sooner than the law authorized a distress for rent to be sold.

The defendant's counsel moved for a nonsuit, alleging that no irregularity had been proved; but if this were otherwise, that the defendant was not privy to it, and therefore was not responsible in this action. The judge directed a nonsuit, holding that the notice upon the premises was properly posted. He said he was inclined to the opinion that the sale was at an earlier day than the statute authorized, but held that the defendant being

merely the agent of the landlord to collect the rent, and not having himself committed the irregularity, was not responsible. The plaintiff excepted, and now moves for a new trial on a bill of exceptions.

*N. Bennett,* for the plaintiff. The distress was irregularly conducted; 1st, in respect to the notice upon the premises; and 2d, in selling within ten days from the time of giving notice of the distress. (2 *R. S.* 504, §§ 24 *to* 26; 3 *Chitty's Gen. Pr.* 109; *Commercial Bank of Oswego* v. *Ives,* 2 *Hill,* 356, *and note (b).*

The defendant is responsible upon the facts in this case. (2 *R. S.* 504, § 28; *Connah* v. *Hale,* 23 *Wend.* 462; *Marquissee* v. *Ormston,* 15 *id.* 368.)

It is settled by many cases that all who unlawfully interfere with or attempt to exercise a control over the property of another, whether as a principal party or an accessary, are liable to the owner.

*D. Cady,* for the defendant cited *Columbia Turnpike Road* v. *Haywood,* (10 *Wend.* 422; 1 *Cowen's Tr.* 264;) *Charles* v *Stansbury,* (3 *John.* 261.)

*By the Court,* JEWETT, J. The statute makes it the duty of the officer making a distress for rent, immediately thereafter to give notice thereof with the cause of such distress, the amount of rent due, and an inventory of the articles taken, by leaving the same with the tenant; and if at the expiration of five days from the day of the service of such notice, the amount of rent due, together with the costs of the distress shall not be paid and the goods shall not be replevied, the officer is to procure an appraisal to be made in the manner particularly pointed out by the statute. He is then to give five days public notice of the sale, and one of the notices is to be affixed on a conspicuous part of the demised premises; and at the time and place appointed he is to sell the property at auction, pay the rent and the costs

and charges, and return the surplus, if any, to the owner of the goods. (2 *R. S.* §§ 24 *to* 28.)

The 28th section declares that, " When any distress shall be made for rent justly due, and any irregularity or unlawful act shall be afterwards done by the party distraining or his agent, the distress shall not therefore be deemed unlawful, nor the party making it a trespasser from the beginning; but the party aggrieved may maintain an action of trespass or of trespass on the case, and may recover full satisfaction for the special damages he may have sustained by such irregularity, or such unlawful act, with full costs of suit and no more," &c.

The distress in this case was regularly made, but the notice of sale was given one day too soon. Five days from the time of making the distress and serving the notice thereof did not expire until *after* the 14th of March. The appraisal could not regularly have been made until five days had expired from the day of serving notice of the distress. The earliest day therefore for the appraisal and for giving notice of sale was the 15th day of March. (*The Commercial Bank of Oswego* v. *Ives*, 2 *Hill*, 355, 356 *and notes.*)

The more important question is whether the defendant under the facts proved is responsible. At common law, if there were any irregularity in conducting the proceedings upon a distress for rent legally made, the parties became trespassers *ab initio.* (8 *Coke*, 146.) That rule is altered by the provision above referred to, which is substantially like the 10th section of the act of 5th April, 1813. (1 *R. L.* 436, *and* 11 *Geo.* 2, *ch.* 19, § 19.) It declares that for such irregularity the party aggrieved may maintain an action of trespass or of trespass on the case, and may recover full satisfaction for the special damages.

Under the English statute it has been held that *trover* would not lie where goods had been irregularly sold after a legal distress. ( *Wallace* v. *King*, 1 *Hen. Bl.* 13 ; *Broom* v. *Rice*, 2 *Str.* 873.) And so it was held, that if a distress was regular in other respects *trespass* could not be maintained for an omission to appraise under the act referred to. (*Messing* v. *Kemble*, 2 *Campb.* 115.) But *case* was held to lie for such irregularity

(*Avenell* v. *Crocker*, 1 *Mood. & Malk.* 172.) Woodfall, in his treatise of the law of landlord and tenant (*ed.* 1816, *p.* 516) says, " The true construction of the provision in 11 *Geo.* 2, *ch.* 19, § 19, is that the party must bring *trespass*, if the irregularity be in the nature of an act of trespass, and *case* if it be in itself the subject matter of an action on the case." In *Marquissee* v. *Ormston*, (15 *Wend.* 368,) it was held that trespass might be sustained against the landlord where the plaintiff's property had been taken and sold under a distress warrant for rent, issued by the defendant, when the affidavit was defective, as it shewed that the landlord had omitted an essential condition, and therefore had no right to distrain; but it was conceded that for an irregularity in the proceedings, when the right existed, case would be the only proper action.

That an action on the case may be sustained for the injury complained of there, can be no doubt; but I am of opinion that it cannot be sustained against the defendant under the evidence given in this case. To render the defendant liable in this action it was necessary to show that he had omitted to do some act which he ought to have done, or had done it improperly, or had done some act which he ought not to have done, by which injury resulted to the plaintiff. It is conceded that the distress was regularly made, for rents justly due, and that the particular goods taken were liable to seizure for that cause. But it is said that the defendant by bidding at the sale and receiving the proceeds in satisfaction of the rent, was accessory to the irregularity or unlawful act of the officer, and was therefore in the eye of the law guilty in his own person of the wrong imputable to such officer. The counsel for the plaintiff has referred to several cases to sustain the undeniable proposition, that one who directs, aids, or counsels the commission of a tort, or afterwards adopts the act, is a principal, and as such liable. Among these, *Connah* v. *Hale* (23 *Wend.* 462,) is much relied on. In that case the defendant directed the officer to make a distress upon the plaintiff's property, which was not liable to be distrained, and trover was held to lie. But that is not the case at bar. If the distress in this case had been unlawful, either for the want of a

Butts v. Edwards.

sufficient warrant or a proper affidavit, or for any other cause, the defendant would have been liable in trespass or trover upon the evidence here given that the officer acted by his directions. But the seizure was regular and lawful, and although an irregularity has occurred in the subsequent proceedings which upon common law principles would render all concerned in the taking of the property trespassers from the beginning, the statute interposes a shield to protect them from that consequence. It at the same time extends to the party aggrieved a remedy for the special damages which he may have suffered from the irregular act. But it does not declare against whom the action for such special damages shall be brought. To ascertain this, therefore, resort must be had to the general rules of law; and by these we are instructed that in actions in form *ex delicto*, the person committing the injury either by himself or agent must in general be defendant.

The injury complained of in this case was the consequence of the omission of an act which the officer, not the defendant, was by law required to perform. The defendant is not shown to be guilty either of a nonfeasance or misfeasance in person or by his agent, nor does it appear that he even had any knowledge or information that the officer had omitted any duty or had proceeded in any respect illegally. It is urged that as he knew the time when the seizure was made and the day of sale, he must necessarily have known that ten days had not intervened; and that his receiving the proceeds of sale with such knowledge of the irregularity constituted him a wrongdoer by adoption. I cannot assent to the soundness of this reasoning. Suppose the owner of the goods had consented that the constable might sell upon the notice actually given, or without any notice or appraisal having been made, is there any doubt but that the officer as between him and the owner would be justified? If so, the defendant had a right to presume such consent. The landlord was entitled to the proceeds of the sale notwithstanding the want of legal notice, and the defendant as his agent incurred no liability by receiving such proceeds from the officer. The

plaintiff's injury or the defendant's liability does not in any respect result from the appropriation of the avails of the sale.

The liability of the party in fault, only extends to make good such special damages as the owner of the goods sustained in consequence of the irregularity or unlawful act. It does not follow that by such sale the owner sustained any real injury. It may well have been that no loss or even inconvenience resulted from the irregularity complained of. It is a supposable case that the tenant or owner of the goods did not design to pay the rent, and that the goods brought their full value, or that the owner consented that the sale should take place without appraisal or formal notice. Under such circumstances, the party aggrieved would at most be entitled to *nominal damages.* (*Avenell* v. *Crocker*, 1 *Mood. & Malk.* 172.) I think the nonsuit was properly granted,

New trial denied.