John M'Donald *v.* William B. Scaife and Others, Owners of the Steamboat Arrow.

Although in replevin the ordinary rule is to give damages for the value of the goods taken, with interest on the value, yet, under peculiar circumstances of outrage, vexation, or oppression, the jury may go beyond it by giving exemplary damages, as in trespass.

Error to the District Court of Allegheny.

*Sept.* 4. This was an action of replevin brought by Scaife and others, owners of the steamboat "Arrow," against John M'Donald, for a certain keel-boat, called "Rambler, No. 2." Pleas, *non cepit*, and property.

The original owner of the keel-boat, Morris, authorized his agent, M'Garigle, to sell it, which he did on the 1st September, to the plaintiffs, and the next day Morris himself sold it to M'Donald, notifying M'D., before he sold to him, of M'Garigle's agency to sell. The keel-boat was coming down the river at the time in tow of a steamer, and the plaintiffs and defendant boarded her, and had something of a contest for the possession, which M'Donald obtained afterwards, and carried the boat away.

In one count of their *narr.*, the plaintiffs laid special damage in the loss of freight, as to which, however, no evidence was admitted by the court. The evidence was confined to the circumstances of the caption; the loss incident immediately; and the demand for boats of that kind at that time; as showing the value.

Upon the trial, Lowrie, J., instructed the jury as follows:—

" Let the jury find the value of the property at the time of the taking, if they find a wrongful taking; and also, in a separate item, damages for the taking, according to the ordinary rule in trespass, taking into consideration any circumstances of aggravation that appear in the case.

" Reserving the question whether the judgment should be entered for the value so found and interest, or for the said value, and the damages as assessed by the jury."

Thereupon the jury found the value of the boat at $500, and damages at $500.

Afterwards, the court delivered the following opinion on the reserved point:—

" The action for replevin is usually for goods wrongfully taken by way of distress; but our action is peculiar, in that it is for any wrongful taking, or wrongful withholding, of personal property.

And it is evidently according to the spirit of our laws, that, as a remedy, it should be complete. To be so, it must provide full compensation for the injury done in the taking and withholding of the property, without putting the party to another action in order to obtain a full recompense for the wrong. If there is a wrongful taking, he should get back his property and legal damages for the wrongful taking. So for a wrongful withholding.

"This accords with the liberal construction given to the remedy of trover, which lies properly for a wrongful withholding, and yet in this action the circumstances of the taking are allowed to weigh, in assessing the damages: Dennis *v.* Barbour, 6 S. & R. 426; Taylor *v.* Morgan, 3 W. 333.

"So in *this* form of action we find the same liberal construction given in order to make the remedy complete; and this, too, as it would seem, to prevent the necessity of an action by the defendant, for a fraudulent or malicious prosecution; an action not usually allowed to be brought, until the action alleged to be fraudulent or malicious is determined: M'Cabe *v.* Moorhead, 1 W. & S. 513; Cable *v.* Dakin, 20 Wend. 172; Brizee *v.* Maybee, 21 Ib. 144.

"I think, therefore, that the plaintiff is entitled to have a full remedy by this form of action, and that he is not compelled to resort to one action to get his goods, and to another for his damages.

"There is a motion for a new trial, but I see no sufficient reason for interfering with the verdict.

"Let judgment be entered for the plaintiff, for the whole sum found by the jury."

To which judgment of the court the defendant's counsel excepts, and prays the court to seal a bill of exceptions, which is done accordingly.

The second error assigned, was in the direction of the court to the jury to find the value of the property at the time of taking, &c.

Mr. *Attorney-General*, for the plaintiff in error.—The jury was not instructed what the ordinary rule in trespass was, and so founded their verdict on, and assessed damages for, any act, and on any ground, that they considered as aggravating the damages. The personal violence of M'Donald to the agent of the other side, was an item of damage under the charge. So, too, the words used on the occasion may have gone to swell the damages.

In the action of replevin, where defendant retains the property, the measure of damages is the value of the property and damages

for the detention, which is usually interest on the value from time of taking: Wilkinson on Replevin, 6 Law Libr. 31. Hosack *v.* Weaver, 1 Yeates, 478, value of property measure of damages; Hardy *v.* Metzgar, 2 Yeates, 347; Easton *v.* Worthington, 5 S. & R. 130. In replevin, if the property is retained by defendant upon security given to sheriff, a verdict for the value of the property in damages and costs is right: Elter *v.* Edwards, 4 W. 63; Morse *v.* Shunk, 3 Barr, 20.

Under the charge of the court, the jury were instructed to consider the special damages averred in the *narr.* The special damages averred were not recoverable in any form of action, because of their remoteness. The damages were not actual, but speculative. The loss of freight to the steamboat Arrow did not necessarily follow the taking of the keel-boat: 1 Chitty's Pleadings, 388. But, however this may be, such damages are not recoverable in replevin; and no case can be shown where it has been permitted. It has been expressly held, that defendant is not entitled to any special damages he has sustained by being interrupted in his business in consequence of property being taken from him under a replevin: Brizee *v.* Maybee, 21 Wend. 144. This is recognised in M'Cabe *v.* Moorhead, 1 W. & S. 516.

The court below say that the construction given to the action of replevin accords with the liberal construction given to the remedy of trover. But it is suggested that the cases of trover referred to by the court and others, where damages beyond the value are allowed, are cases where the property came into possession of defendant without force, as by finding or lending, &c. Trespass would not lie in such cases. Such is the case of Dennis *v.* Barber, 6 S. & R. 426, so also Taylor *v.* Morgan, 3 W. 334. In neither of these cases would trespass lie. In Dennis *v.* Barber, the value of the property was incapable of being ascertained with anything like precision; and in Taylor *v.* Morgan, damages beyond the value were allowed because trespass would not lie.

M'Cabe *v.* Moorhead decides that *defendant in replevin,* whose property has been taken from him by a writ *fraudulently sued out and without colour of right,* may recover more than the value of property and interest. But it also decides that the measure of damages in no other instance is allowed to exceed the interest. In Cable *v.* Dakin, the writ was sued out vexatiously and without any colour of right. See Brizee *v.* Maybee.

The court will preserve the forms of action: Berry *v.* Hamill, 12 S. & R. 214; Good *v.* Mylin, 8 Barr, 55.

*Shinn* and *Williams*, contrà.

1. Where the defendant pleads and claims property, retaining the goods under that claim, the plaintiff is entitled to more than interest to compensate for the unlawful taking and unlawful detention: M'Cabe *v.* Moorhead; Warren *v.* Aughenbaugh, 15 S. & R. 9. In replevin the plaintiff may recover vindictive damages as in trespass: Lander *v.* Ware, 1 Strobhart, 15. It sounds in damages like trespass, per Kent, C. J., in Hopkins *v.* Hopkins, 10 John. 372.

2. To avoid the necessity of two suits, one to recover the property, the other for the wrongful taking and detention, replevin should furnish a complete remedy, as does trover: Taylor *v.* Morgan; Dennis *v.* Barber; Berry *v.* Vautries, 12 S. & R. 89; Harger *v.* M'Mains, 4 W. 418.

The cases cited do not sustain the position. In Hosack *v.* Weaver, the court instructed the jury that their "verdict should be for the plaintiff, *with such damages as they believed he had really sustained.*" In Hardy *v.* Metzgar, it is said, "The plaintiff *here* is only entitled to the value of the horse, chain, and harness, as it was when it came to the plaintiff's hands." In both these cases the property had been stolen and passed into the hands of innocent persons for value, who were the defendants in replevin. The case of Easton *v.* Worthington, and that of Etter *v.* Edwards, have no relation to the measure of damages, but point out the distinction between a finding for plaintiff and for the defendant in replevin. So in Moore *v.* Shunk, Gibson, C. J., says, "For property taken by force, the plaintiff may waive the trespass, and maintain trover and replevin for the value: but such waiver does not exclude evidence of circumstances inseparably connected with the transaction. Besides, *damages beyond the value of the property may be given for the taking and detention,* as is shown in Gilbert on Replevin, 59, 160."

The opinion of this court was delivered by

ROGERS, J.—Two errors are assigned, one of which only it will be necessary particularly to notice, as the first is clearly untenable. It would have been an unwarrantable interference with the province of a jury, for the court to have instructed them, as a matter of law, that the testimony given showed such a sale and delivery of the boat as vested the right in the owner of the steamboat Arrow. The evidence of ownership was a disputed fact, which was left properly to the decision of the jury. The only possible difficulty there can be in the case, is in the second error, in directing the jury to find

the value of the property at the time of the taking, and also damages for the taking, according to the ordinary rule in trespass, taking into consideration any circumstances of aggravation that appear in the case. Of the charge in this respect, the plaintiff in error complains. He alleges that under the charge the jury gave exemplary damages, taking into consideration the personal violence of Captain M'Donald to Captain Jones, an agent of the plaintiffs; and also the defamatory words proved to have been used on that occasion. If the jury so far misunderstood the direction (which I cannot well suppose), as to allow such considerations to swell the amount of damages, it is an injury which we cannot redress. The defendant can only be relieved on a motion for a new trial. The jury were instructed, as in trespass, to take into consideration circumstances of aggravation which appeared in the case; that is to say, such outrages as attended the taking and detention of the property. With this explanation, was the court right in the rule given to the jury for estimating the damages?

In an action of replevin, where the defendant retains the property, the measure of damages is ordinarily the value of the property, and damages for the detention, which is usually the interest on the value from the time of taking: Wilkinson on Replevin, 6 Law Library, 31, 1 Y. 478, 5 S. & R. 130, 4 W. 63, 3 Barr, 20. But though this is the general, yet it is not the universal rule, for circumstances may attend the taking and detention which will justify the jury in giving exemplary damages. The exceptions are as well settled as the rule itself. Thus, when the taking or detention, or both, are attended with circumstances of aggravation, the party is entitled in some form, as is conceded, to more than compensatory damages, and why should he not have his full measure of redress in the action of replevin without compelling him to resort to an action to repossess himself of his goods, unlawfully taken, and to another for his damages? Multiplicity of actions is always avoided if possible. In moulding the action of replevin, the court have endeavoured to give the remedy such a shape as to afford the injured party essential redress. For this reason, they have not confined the remedy to compensatory damages, but have, under peculiar circumstances of outrage and wrong, extended them far beyond these limits. And this is plain on authority. Thus, in Dorris v. Barbour, 6 S. & R. 426, the court say, the value of the property is usually the measure of damages, although the jury are justifiable in going further wherever there has been an outrage in the taking, or vexation and oppression in the detention. In Taylor v. Morgan,

3 W. 338, the court say, in Pennsylvania, in trover, the value of
the property is usually the measure of damages, although the jury
are justifiable in going further, where there has been an outrage in
the taking, or vexation and oppression in the detention.    Where
there is more than ordinary wrong, either in the taking or deten-
tion, justice seems to require something in addition as a compen-
sation to the injured party, and a punishment to the wrong-doer.
And in Harger v. M'Manus, 4 W. 420, as to damages, say the
court, though the value of the property is the ordinary measure, it
has been long settled, that, under circumstances, the jury may go
beyond it.    The cases cited, it is true, are in trover, but trover and
replevin are strictly analogous.    The reasons which serve for one
apply with equal force to the other.    There is no room for any
distinction between the actions.    Why confine the damages to the
value of the property taken, and the interest, where the conduct
of the defendant is attended with wanton outrage, oppression, and
wrong ?    Why compel him to resort to an action of trespass for
redress, rather than replevin, where, in the latter action, in addi-
tion to the punishment of the wrong-doer, the rightful owner re-
gains his goods, or obtains security from the defendant ?    But we
are not without authority leaning directly to the point.    Where a
writ of replevin is sued out fraudulently, and without colour of
right, the jury will be warranted in giving even exemplary damages,
in the same manner they might do for a wanton and malicious
trespass: Brizee v. Maybee, 21 Wend. 144.    And so in M'Cabe
v. Moorhead, 7 W. & S. 513, an action of replevin, the same prin-
ciple is ruled.    In Cable v. Dakin, 20 Wend. 172, which was also
an action of replevin, the court say: It was a most vexatious and
unwarrantable proceeding; the jury would be well warranted in
giving heavy damages.    They might allow smart-money.    Although
the damages in that case were excessive (as perhaps they may have
been here), yet the court refused to set aside the inquisition of
damages, because the proceeding on the part of the plaintiff was
vexatious and oppressive.    And in Hopkins v. Hopkins, 10 John.
378, Kent, C. J., says: "The action of replevin is grounded on a
tortious taking, and it sounds in damages, like an action of tres-
pass, to which it is extremely analogous, if the sheriff has already
made a return, and if the plaintiff goes only for the caption."    On
a review of the authorities, we have come to the conclusion, that it
is settled on reason and authority, that although the ordinary rule
is to give damages for the value of the goods taken, with interest

on the value, yet the jury may, under peculiar circumstances, go beyond it by giving exemplary damages, as in case of an action of trespass.

Judgment affirmed.