## Austin vs. Burns.

An instrument containing, in addition to a promise to pay money, stipulations to do other things, is not a promissory note.

The whole contents form an entire contract; and the clause for the payment of money cannot be detached, and regarded and enforced separate from the rest.

Such an instrument although it expresses that the money specified therein is payable to the person named as payee or bearer, is not negotiable; and if an action is brought upon it by a person other than the payee, it is incumbent upon the plaintiff to prove, among other things, an assignment of the contract to himself, unless the fact is admitted, or such proof is virtually waived by the defendant.

If, on the trial of such an action before a justice, the defendant omits to raise the objection that the plaintiff has not proved title to the demand, he will be deemed to have waived it, and cannot make the objection on appeal.

THIS action was commenced in a justice's court, to recover the amount due upon an agreement, of which the following is a copy : " For value received I promise to pay Palmer Cheesebrough or bearer, twenty-five dollars by the first day of January next. I am to insure one span of colts from my horse to Mr. Cheesebrough's sorrel mares this season, for ten dollars and fifty cents. The mares is to be brought to my house. Dated Aurelius, June the 27th, 1850.     THOMAS BURNS."

The answer of the defendant to the complaint was in these words : " The defendant in this suit denies each and every allegation in the plaintiff's complaint; and also that the plaintiff is not the owner of said note, and if he is he got it after it became due. Also a set-off against Nathaniel Cheesebrough and others, holders of said note, of more than that amount. And also that if said note was given, it was for the price of a mare, and said mare was warranted to be sound and true, and only seven years old. Said mare was unsound and untrue, and twenty years old, or thereabouts." At the trial the plaintiff produced the agreement, and proved the signature to it to be the defendant's, and the agreement was read in evidence. It was admitted by the plaintiff, that one of the mares was with foal, and proved by a witness, that the mares were put to the horse in

1850, and that one of them was not with foal. No further testimony was given. It does not appear from the return, what questions were raised before the justice. The justice rendered a judgment in favor of the plaintiff, for $21,93 damages, and $1,42 costs; which judgment was affirmed in the county court of Cayuga county, on appeal, and the defendant appealed from the judgment of the county court to this court.

*D. Wright,* for the appellant.

*D. Andrus,* for the respondent.

*By the Court,* T. R. STRONG, J. The writing upon which the action was brought, is not a promissory note; it not being for the payment of money only. (*Story on Prom. Notes,* §§ 17, 18. *Story on Bills,* § 43.) It contains, in addition to a promise to pay money, stipulations to do other things, and the whole contents form an entire contract. The clause for the payment of money cannot be detached, and regarded and enforced separate from the rest.

Not being a promissory note, although it expresses that the money specified therein is payable to the person named as payee or bearer, it was not negotiable; and it was incumbent upon the plaintiff in order to maintain his action, to prove, among other things, an assignment of the contract to himself, unless the fact was admitted, or such proof was virtually waived by the defendant.

The plaintiff produced the contract on the trial before the justice, but it does not appear by the return, which alone can be regarded in deciding the case, that any evidence of an assignment of it to him was given; nor does it appear that the point was made before the justice, that the plaintiff had not proved title to the demand. It is insisted, on the part of the plaintiff, that by omitting to make the objection there, the defendant waived it; and I am inclined to think this is a sound position. The liability of the defendant on the contract, to some one, was abundantly proved; the defect in the plaintiff's proof was one

---

which might be supplied; and in the absence of an objection founded on that defect, I think it fair to conclude, that the fact of the plaintiff's title was assumed by both parties, and conceded by the defendant.

I am therefore of opinion, that the judgment of the county court should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, December 5, 1853. *Welles, Johnson* and *T. R. Strong*, Justices.]