WESTBROOK *vs.* DOUGLASS and others.

Before a party can recover against a constable and his sureties, for not collecting an execution issued by a justice of the peace, it is necessary for him to show that his judgment was valid. To do this he must prove that the justice had jurisdiction both of the subject matter of the action and of the person of the defendant.

But, although neither of these facts *affirmatively* appears from the justice's return, made upon an appeal to the county court, yet if the docket of the justice is produced and read in evidence without objection, and the justice is examined as a witness, and no objection is taken to the validity of the judgment, or to the sufficiency of the evidence to show that the justice had jurisdiction, it will be inferred that all necessary jurisdictional facts did appear upon the trial.

The fact that the case is entirely silent on the subject, requires the appellate court to intend that it was either proved or admitted that the justice had jurisdiction to render the judgment.

APPEAL from the Ulster county court. The action was commenced before a justice of the peace. It was brought against the defendant Douglass, as a constable, and the other two defendants, as his sureties, for not returning an execution. The cause was tried by a jury. Upon the trial the plaintiff called as a witness, John Gue, who testified that on the 30th of December, 1851, he issued a summons, and on the 8th of January, 1852, he rendered a judgment in favor of the plaintiff in this action, against Joseph Wood, jr.; that he was at the time acting as a justice of the peace; that the judgment was entered on his docket for $31.18, damages and costs; that on

Westbrook *v.* Douglass.

the same day he issued an execution upon the judgment which was delivered to the defendant Douglass, who was then acting as a constable, and that the execution had not been returned to him. The plaintiff also produced and read in evidence the justice's docket, showing the judgment in his favor against Wood. He also produced and proved the bond executed by the defendants, whereby they agreed to pay all sums of money which the defendant Douglass should have become liable to pay, for or on account of any execution which should be delivered to him for collection. The jury rendered a verdict in favor of the defendants, and thereupon the justice entered judgment against the plaintiff for the costs of the action. The plaintiff having appealed from this judgment, the same was affirmed by the county court.

*M. Schoonmaker,* for the plaintiff.

*E. Cooke,* for the defendants.

*By the Court,* HARRIS, J. The defendants seek to sustain this judgment on the ground that it did not appear upon the trial, that the justice who rendered the judgment upon which the execution was issued, had jurisdiction. If this be true in fact, the decision of the county court must be affirmed. Before the plaintiff could recover against the constable and his sureties for not collecting the execution, it was necessary for him to show that his judgment was valid. To do this, he was required to prove that the justice had jurisdiction both of the subject-matter of the action, and of the person of the defendant. (*See Cornell* v. *Barnes,* 7 *Hill,* 35.)

Neither of these facts *affirmatively* appears in the case, as it is made by the return of the justice. It appears that a judgment was rendered, but for what cause of action it is not stated. Nor is it stated that the defendant appeared, or that he was served with process. And yet, I think it should be inferred that all necessary jurisdictional facts did appear upon the trial.

The docket of the justice was produced and read in evidence without objection. What that docket contained, the return does not show. No objection was taken to the validity of the judgment, or the sufficiency of the evidence to show that the justice had jurisdiction. It was well said by Mr. Justice Wright, in *Jencks* v. *Smith*, (1 *Comst.* 90,) that "where opportunity is given for objection and none is made, but the party whose duty it is to object remains silent, all reasonable intendments should be made by a court of review, to uphold the judgment." And again he said, "It ought not to be tolerated, that parties should go to trial in a justice's court, raising no objections in its progress, or at its close, when any defect in the proof, if pointed out might have been obviated, and afterwards rely upon an allegation of such defects, in an appellate court." These views, founded as they are, in justice and good sense, and sustained by authority, are clearly applicable to this case. The justice who rendered the judgment was a witness upon the trial. His docket also was made evidence. If no evidence was given upon the question of juridiction, it was, undoubtedly, because the parties knew of the existence of the facts necessary to confer jurisdiction. The fact that the case is entirely silent on the subject, requires us to intend, I think, that it was either proved or admitted that the justice had jurisdiction to render the judgment. To hold otherwise, would lead, in many cases, to a sacrifice of substantial justice to the merest technicality. (*See Austin* v. *Burns*, 16 *Barb.* 643.)

The jury, moved by their sympathy for an officer who had unfortunately lost an execution which he was unable to collect, as it would seem from the evidence in the case, found a verdict entirely against the evidence. The justice, of course, had no alternative but to render a judgment in accordance with the verdict. The county court, willing, perhaps, to find a reason for upholding such a judgment, has relied upon the general and well settled doctrine that in such a proceeding, jurisdiction will never be presumed, but must be proved. Upon the grounds already stated, I think it must be inferred that such

jurisdiction was in fact proved. If so, the judgment was contrary to law and the evidence in the case, and should be reversed.

