## KELLY *vs.* ARCHER and others.

The affidavit upon which an application to a justice of the peace for an attachment is founded must specify the sum in which the debtor is indebted, "over and above all discounts," as required by the statute.

Where the application is made upon the ground that the defendant has departed from the county where he last resided, with *intent to defraud his creditors,* the affidavit must state that intent. It is not enough to state therein that the defendant left with the intent not to return, or secretly and without the knowledge of his family.

The statute requires that a bond shall be executed and delivered to the justice before an attachment is issued; and until this is done, no attachment can properly issue.

No other agreement will supply the place of the bond required by the statute; and if there is no bond, the justice will not acquire jurisdiction.

If the condition be not such as the statute requires, the bond will be void. No other condition will answer; and that being a jurisdictional and substantial defect, it cannot be obviated.

An undertaking by the plaintiff, not executed to the defendant, to the effect that if the defendant shall recover judgment, the plaintiff will pay all costs which may be awarded, and all damages which the defendant may sustain by reason of the attachment, is not a compliance with the statute.

The allegation that the defendant has departed from the county, with an intent to defraud his creditors, is an essential part of the case; and if it is not sustained by proof, the judgment will be void.

In an action for the unlawful taking and conversion of personal property, the plaintiff is entitled to recover the value of the property taken; and the fact that the defendants were creditors of the plaintiff and took the property under a void attachment, will not mitigate the injury, nor reduce the damages.

THIS action was brought to recover damages for the wrongful taking and conversion of certain personal property belonging to the plaintiff. The defendants justified the taking under an execution issued upon a judgment obtained in favor of the defendants against the plaintiff upon an attachment issued against him in a justice's court. The plaintiff claimed that the attachment proceedings were void. The application for the attachment was made upon the ground that the defendant therein had departed from the county where he last resided, with an intent to defraud his creditors. The affidavit stated that the defendant was indebted to the plaintiff on a demand arising on contract, for two hundred

Kelly *v.* Archer.

dollars and upwards. It also contained the following clause, to establish the intent to defraud : "That he is informed and believes said Kelly left this county with *the intent not to return,* and has left but a small amount of property or goods, and departed *secretly and unknown to his family ;* that his place of business is locked up ; that there are now several attachments against him." The bond was not in the usual form of bonds executed in such cases, but after reciting that the plaintiff had applied " to one of the judges of this court for a warrant of attachment against the property of the defendant as an absconding debtor," provided that the sureties do undertake, pursuant to the statute in such case made and provided, in the sum of two hundred and fifty dollars, that if the said defendant recover judgment in this action, the above named plaintiffs will pay all costs that may be awarded to the above named defendant, and all damages which the said defendant may sustain by reason of the said attachment, not exceeding the sum above mentioned." The bond was not approved by the justice. There were several prior attachments, by virtue of executions on which and on the one in favor of the defendants, the constable sold the property. The defendants directed the constable to levy, and the defendants purchased $364.35 in value, of the property, on the sale, and paid the constable $164.35, retaining about $200, the amount of their debt. The case was referred, and the referee found in favor of the plaintiff, for the amount retained by the defendants. Judgment was entered, on the report, and the defendants appealed. The points raised appear in the opinion.

*D. McMahon,* for the appellant.

*S. L. Stebbins,* for the respondent.

MILLER, J. The evidence upon the trial of this cause established that the property of the plaintiff was levied upon by the officer by virtue of an attachment issued in favor of

the defendants and at their request. Other attachments had previously been issued, judgments obtained, executions levied, and property advertised for sale ; but the officer having proceeded to sell sufficient to satisfy the defendants' execution, after payment of those which had priority, under a levy made by their (the defendants') direction, and they having received the money realized upon the sale, I think the proof was sufficient to make the defendants liable if the sale was illegal and unauthorized.

Whether the sale was lawful or unlawful must depend upon the question whether the proceedings were sufficiently regular to confer jurisdiction upon the justice who issued the attachment. There are several objections to the proceedings, which I think render them void, and are fatal to their validity.

1st. The affidavit upon which they were founded did not specify any indebtedness " over and above all discounts " as required by the statute. (2 *R. S.* 230, § 28.) This is an essential part of the affidavit, and as it was, there may have been an offset to the demand, and the balance may have been the other way.

2d. The affidavit was also defective in not stating that the defendant had left the county with an intent to defraud his creditors. Although the application was made upon that ground, the affidavit is entirely silent as to this material and important fact. (*Miller* v. *Brinkerhoof*, 4 *Denio*, 118.) It is not enough that he left with the intent not to return, or secretly and without the knowledge of his family.

3d. No bond was executed in conformity with the provisions of the statute. (2 *R. S.* 230, § 29.) The instrument signed was not executed to the defendant. It was an undertaking to the effect that if the defendant recovered judgment, the plaintiff would pay all costs which might be awarded, and all damages which the defendants might sustain by reason of the attachment. It not only failed to embrace the language of the statute, but it omitted a material and necessary por-

Kelly *v.* Archer.

tion of the condition required by it. This did not comply with the statute, and was not enough. The statute required that a bond should be executed and delivered to the justice before the attachment was issued ; and until this was done, no attachment could issue. No other agreement will supply its place ; and as there was no bond, the justice did not acquire jurisdiction, and the plaintiffs were trespassers. (*Homan* v. *Brinckerhoff*, 1 *Denio*, 184.) The bond will be void if the condition be not such as the statute requires. (*Barnard* y. *Viele*, 21 *Wend.* 58.) No other condition than that required by statute will answer ; and as it is a jurisdictional and substantial defect, it cannot be obviated.

Some other objections might be urged ; but those already stated satisfactorily and conclusively establish that the proceedings were void and of no effect. These defects, so apparent upon the face of the proceedings, are not, I think, of a character to be disregarded. They affect the jurisdiction of the justice ; and as they show an entire want of jurisdiction, they cannot be overlooked.

It is insisted by the counsel for the defendants that the proceedings under the attachment cannot be attacked collaterally, by the judgment debtor himself. When certain facts are required to be proved, to warrant the issuing of process in a court of special or limited jurisdiction, if there be a total defect of evidence as to any essential fact, the process will be declared void, in whatever form the question may arise. But when the proof has a legal tendency to make out a proper case in all its parts, for issuing the process, then although the proof may be slight and inconclusive, the process will be valid until set aside by a direct proceeding for that purpose. (*Miller* v. *Brinkerhoff*, 4 *Denio*, 118.) The main difficulty with the affidavit here is that it did not establish the allegation that the defendant in the attachment suit had departed the county with an intent to defraud his creditors. This was an essential part of the case, and was not sustained by any proof whatever. There was a total defect of evidence, in this par-

ticular; and for this and other defects already stated, the judgment was void.

In *Skinnion* v. *Kelley*, (18 *N. Y. Rep.* 355,) to which we have been referred, the affidavit, upon which the attachment was allowed, proved some positive facts and circumstances which, although far from conclusive, tended to show an intent to defraud. These were not stated on information and belief, as in the case at bar, and the court held, as they no doubt created a conviction in the minds of the creditor and the justice that the debtor intended to defraud, that they could not say that they were so completely without force, as proof, as to render the proceeding utterly void.

In *Kissock* v. *Grant*, (34 *Barb.* 144,) the affidavit upon which the attachment was issued contained some positive facts which tended to show that the defendant had departed from the county where he last resided, with an intent to defraud his creditors, and which were sufficient to give the justice jurisdiction. Neither of these cases are entirely destitute of the ingredients required to establish a case within the statute.

I think that no error was committed by the referee in allowing the value of the property taken, as the amount of damages which the plaintiff had sustained. The action was for the unlawful taking and conversion of the plaintiff's property, and the fact that the defendants were creditors of the plaintiff did not mitigate the injury. They had no authority to pay their indebtedness by the commission of a wrong; and if nominal damages, only, were recoverable, then every creditor would be justified in paying his debt by taking the law into his own hands. The act of the defendants being unlawful, it cannot be regarded in the nature of a mere involuntary trespass. The present case is not like an action on the case for damages arising from an irregular sale in proceedings for distress for rent where only nominal damages are recoverable. (*Butts* v. *Edwards*, 2 *Denio*, 164.) Nor is it similar to a case where the property has been applied

according to law to satisfy a debt due from the owner. (*Earl v. Spooner*, 3 *Denio*, 246.) The defendants here were trespassers from the beginning, in acting under a void process, and the application of the money realized upon the sale was illegal and unauthorized.

These views necessarily lead to the conclusion that no error was committed by the referee on the trial, and therefore the judgment entered upon his report must be affirmed, with costs.

HOGEBOOM, J. concurred.

INGALLS, J. expressed no opinion.

Judgment affirmed.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Ingalls* and *Hogeboom*, Justices.