## SUPREME COURT.

STEPHEN D. RUE respondent, agt. SAMUEL M. PERRY, appellant.

A *short summons* can only be issued, by a justice of the peace, against a defendant, who comes within that class of persons, who, by the non-imprisonment act of 1831, cannot be proceeded against by long summons or warrant. And a plaintiff to bring himself within that provision, it must be made to appear to the justice by *affidavit*.

This short summons, therefore, is an extraordinary process, and can only issue on proper preliminary proof; and as no jurisdiction is obtained without such proof, a judgment in this inferior court is to be presumed void, until the party upon whom the *onus* is thrown supplies that proof. The mere memorandum "afft. short summons" upon the justice's docket alone, does not furnish the evidence that the justice had jurisdiction. And where there is no appearance on the part of the defendant there is no waiver of the objection.

But on appeal such a judgment ought not to be reversed, where it appears that it was offered in evidence, on the trial, and the defendant's counsel not only permitted the docket to be read in evidence without objection, but admitted it to be evidence, and the validity of the judgment was not raised on the trial, nor the justice's attention directed to any want of validity in it, and it was not made a matter of contest.

The party is to be presumed, after judgment, to have waived any objection that he might have taken on the trial, but omitted to take.

*Third Judicial Department, General Term, April,* 1871.
*Present,* MILLER P. J., POTTER *and* PARKER, JJ.

THIS was an action commenced in a justice's court, by the plaintiff to recover, by his title as constable, claiming it by virtue of a levy by execution issued by a justice of the peace, certain property which the defendant had purchased of one George W. Bishop, who was the defendant in the said executions. The property was purchased after the levy, but purchased from the defendant who was in the possession, and without knowledge of the levy thereon by the plaintiff.

J. D. WENDEL, *for plaintiff.*
A. H. AYRES, *for defendant.*

*By the court*, POTTER, J.—The plaintiff recovered the value of the property before the justice; and the county court of Montgomery county affirmed the judgment; but this court are not informed, upon what ground it was affirmed, by any opinion given by the county judge. And we are, therefore, to look at the proceedings before the justice, to see what errors, if any, were committed by him.

Four grounds of error are set forth in the notice of appeal, but only one of these demands consideration, to wit: *Fourth*. The judgment was unsupported by evidence, in that the plaintiff did not show himself rightfully, nor even colorably, a constable; and in that the evidence of the larger judgment through which the plaintiff claimed to make title, and which was held to be valid, did not show jurisdiction of the person of the defendant therein.

The plaintiff's declaration based his title to the property in question, upon his special interest in the property as a constable, by virtue of a levy by execution issued upon two justice's judgments setting forth the judgments, and the executions issued thereon, and proving his levy. This was a sufficient interest to maintain an action. The executions upon which the plaintiff levied, were good on their face, and would have justified the plaintiff in his action, had he been defendant and sued in trespass for taking it, even though the justice who issued them, had no jurisdiction of the action in which they were rendered. This is intended to be a rule of protection, but that is not the position of the plaintiff in this action. He is plaintiff, and attempts to build up a title upon judgments, by maintaining an action upon them, against a third person.

Here the officer becomes the assaulting party, as was said by BRONSON, J., in *Horton* agt. *Hendershot*, (1 *Hill*, 119). "This rule is intended for a shield, but not a sword." (*Dunlap* agt. *Hunting*, 2 *Denio*, 645; *Earl* agt. *Campt*, 16 *Wend.*, 562).

The plaintiff fully established that he was a constable.

Rue agt. Perry.

Two judgments were shown, one of $42 21, the other of $7 50 upon which, the executions were issued under which the plaintiff claims title. The smaller one, I think was good, and full jurisdiction shown in the justice before whom the judgment was obtained. The only question that can be raised is as to the larger one ; and as to this, the first question is, did the justice obtain jurisdiction of the defendant therein ?

On the trial the docket of the justice, was introduced in evidence. The justice himself was not called. The docket showed that a short summons had been issued against the defendant, dated July 6th, 1869, and returnable on the 9th of the same month, duly served. All that appeared beyond this, on the docket was, " afft. short summons issued." No affidavit was proved or produced, and the defendant therein named did not appear on the return day, but the plaintiff proceeded to obtain judgment on an account, the plaintiff, I think, failed in this, to show jurisdiction in the justice.

A short summons can only be issued against defendants who come within that class of persons, who, by the non-imprisonment act of 1831, now adopted as a part of the provisions in relation to justice's courts, (3 *Rev. Stat.*, 5 *ed.*, 462 ; §§ 212 *to* 215), cannot be proceeded against by long summons or warrant. And, that a plaintiff to bring himself within that provision, it must be made to appear to the justice by affidavit. This short summons, therefore is an extraordinary process, and can only issue on proper preliminary proof, and as no jurisdiction is obtained without such proof, a judgment in this inferior court is to be presumed void, until the party upon whom the onus is thrown, supplies that proof. The mere memorandum, " aff. short summons," upon the justice's docket, alone, does not furnish the evidence that the justice had jurisdiction, and as there was no appearance on the part of the defendant, there was no waiver of this objection. The judgment, so far as the

proof on this trial presented it, was clearly void (*Kelly agt. Archer*, 48 *Barb*, 68, 71 ; *Imbert* agt. *Hallock*, 23 *How.*, 460, *and cases cited ; Barnes* agt. *Harris*, 4 *N. Y.*, 382).

I am, nevertheless, of opinion that the judgment before us ought not to be reversed. When this judgment, now clamed to be void, was offered in evidence, the defendant's counsel being present, not only permitted the docket to be read in evidence without objection, but admitted it to be evidence. This question of the validity of the judgment was not raised on the trial ; the justice's attention was not directed to any want of validity in it; and it was not made a matter of contest. The justice had a right to assume and take for granted, by the conduct of the defendant and his counsel on the trial, that the justice before whom the judgment was obtained, had jurisdiction of the case.

It is to be presumed after judgment, that if the objection had been taken at the proper time, that the justice who tried the action, or the affidavit to which the docket refers, could have been produced, and the proper evidence been supplied. The justice who tried this action is to be presumed to have tried it upon the implied theory, which the silence of the defendant must be regarded as conceding to be true, to wit, that there was no intent to take exception to the validity of this judgment. It is bad faith towards the party, it is unprofessional on the part of counsel, it is trifling with the court, thus to prosecute or defend actions upon the basis of technicalities induced by bad faith ; and courts should never give countenance to such practice. But it is sufficient here to put the case on the ground, that the party is to be presumed, after judgment, to have waived any objection that he might have taken on the trial, but omitted to take. (*Austin* agt. *Barnes*, 16 *Barb.*, 643 ; *Jenks* agt. *Smith*, 1 *N. Y.*, 94 ; *Duntz* agt. *Duntz*, 44 *Barb.*, 460 ; *Paige* agt. *Fazackerly*, 36 *Barb*, 395).

I think, therefore, the judgment should be affirmed.