# N. Y. MARINE COURT.

### ANTHONY TAYLOR agt. CHARLES REED.

*Attachment — Code of Civil Procedure, section 636 — what affidavit must contain.*

In an action for breach of contract, the affidavit, to entitle a party to an attachment under section 635 of the Code of Civil Procedure, is defective where it states the amount of plaintiff's demand, but fails to allege that he is entitled thereto *" over and above all counter-claims known to him,"* as required by section 636, subdivision 2.

*Special Term, October,* 1877.

THE plaintiff commenced an action in the marine court against the defendant to recover $773 on a contract, and procured an attachment, under which the sheriff seized a number of horses now at Jerome park race track, the property of defendant. The defendant moved to vacate the attachment for alleged irregularities in the original papers.

McADAM, *J.* — The attachment was granted under section 635 of the Code of Civil Procedure, in an action for breach of contract. The affidavit upon which it was granted states the amount of the plaintiff's demand, but fails to allege that he is entitled thereto "over and above all counter-claims known to him," as required by section 636. The provision in question is new and must be held to have been inserted for a purpose, and effect cannot be given to it without holding the present affidavit defective. The conclusion that the omission in the affidavit is fatal would seem clear upon principle; but all doubt upon the subject is put at rest by the decision of the

Taylor agt. Reed.

Albany general term of the supreme court in *Kelly* agt. *Archer* (48 *Barb.*, 68), in which that court, in construing a similar provision applicable to justices' courts, held that where the affidavit upon which the attachment was issued did not specify an indebtedness "over and above all discounts," as required by the Revised Statutes (2 *R. S.*, 230, *sec.* 28), the attachment was void; that the provision as to discounts was an essential part of the affidavit, and the court remarked, "as it was, there may have been an offset to the demand, and the balance may have been the other way." For the omission aforesaid, the motion to vacate the attachment herein must be granted.