BEAUDRIAS *v.* WALCK.

*(Supreme Court, General Term, Second Department.   February 8, 1892.)*

ACTION ON NOTE—RESERVATION OF TITLE—SUFFICIENCY OF COMPLAINT.

In an action on notes, the complaint alleged the execution of certain "promissory notes" by defendant, and set out the same *in hæc verba.* The notes were for the purchase price of goods, with reservation of title to the payee. Defendant demurred on the ground that the "notes" were not negotiable notes, but "contracts for property," and that a sale and delivery should have been averred. *Held,* that the designation of the instruments as "promissory notes" was unnecessary, and, there being no stipulation therein for the performance of any act by either party as a condition precedent to payment, the demurrer was properly overruled.

Appeal from the city court of Yonkers.

Action by Isidore J. Beaudrias against Ambrose Walck on certain "promissory notes" given for the price of goods, and containing a reservation of title to the payee. Defendant demurred to the complaint on the ground that the instruments in question were not negotiable promissory notes, or instruments for the payment of money only, but "contracts for property," and that a sale and delivery should have been averred. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Walter J. Donohue,* for appellant.   *Ellis & Harrigan,* for respondent.

DYKMAN, J.   This action was commenced in the city court of Yonkers upon four written instruments, which the plaintiff denominates "promissory notes." They are precisely alike, except the dates of payment, the first being

payable July 1, 1890, after date, and the last October 1, 1890, after date, all being dated April 18, 1890.    The first reads as follows:

"20.                                           YONKERS, N. Y., April 18, 1890.

"For value received, July 1, 1890, after date, I promise to pay to the order of James W. Tufts, twenty dollars, with interest six per cent.    The consideration of this and other notes is the following described soda-water apparatus:   One 8–3 L., Tem. Puffer Cottage, No. 532, which I have received of said James W. Tufts.    Nevertheless it is understood and agreed, by and between me and the said James W. Tufts, that the title to the above-mentioned property does not pass to me, and that, until all said notes are paid, the title to the aforesaid property shall remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity. of either of said notes, without process of law, to enter and retake, and may enter and retake, immediate possession of the said property, wherever it may be, and remove the same.    Due July 1, 1890.         AMBROSE WALCK, 108 New Main Street."

The complaint states that the defendant, for value, made and delivered to James W. Tufts four certain promissory notes, and then sets out copies of the notes in full.    Then it is further alleged that, when the notes became due, payment of them was demanded and refused, and the defendant has not paid them; and, further, that, before the commencement of the action, the notes were sold and assigned to the plaintiff, who is now the owner and holder thereof.    The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.    The demurrer was overruled in the city court, with leave to the defendant to answer on payment of costs, and an interlocutory judgment was entered in pursuance of that decision, from which the defendant appealed to the county court of Westchester county, where the judgment was affirmed, and the defendant has appealed to this court from such judgment of affirmance.    It is not necessary to give a name to the instruments set out in the complaint.    They each contain a promissory note, with a specific statement of its consideration.    Then they each contain a statement that the title to the property for which the notes were given did not pass to the purchaser, but remained in the vendor until the notes were paid.    There is no provision in the instruments to abridge the rights of the payee of the notes, or to limit their operation.    On the contrary, their payment is contemplated, and that event is to determine the time when the title to the property becomes absolute in the purchaser.    There is no stipulation in these instruments for the performance of any act by either of the parties upon which the liability to pay the note is dependent, as there was in the case of *Austin* v. *Burns*, 16 Barb. 643, and therefore that case has no application.    The other cases cited by the appellant are unlike this in their facts, and we find no authority incompatible with the views we have expressed.    The judgment should be affirmed, with costs.    All concur.